# Grubb *versus* Mahoning Navigation Company.

1. In a suit by the Mahoning Navigation Company, for subscription for stock, proof of the act of incorporation, the certificate of the commissioners, and the letters-patent, are sufficient to establish the right to sue.    The organization by the election of officers, need not be proved, though laid in the declaration; being unconnected with the plaintiffs' right to sue, and not entering into the foundation of the action, it might have been stricken out, as surplusage.

2. *Immaterial* matter which must be proved, if laid, is that which enters into the foundation of the action.    For distinction between immaterial and impertinent averments, see the opinion in this case.

3. In a suit not for the *penalty* prescribed, but for the amount of subscription, previous notice to pay need not be proved, in order to recover.

ERROR to the Common Pleas of *Jefferson county*.

This was an appeal by defendant from the judgment of a justice of the peace, in a suit by the President, Managers, and Company of the Mahoning Navigation Company, against John Grubb, to recover the amount of subscription for two shares, of $25 each, in the stock of the company.    The *narr*. alleged the existence of the act of 1st April, 1845, for the incorporation of the company, the appointment of commissioners to receive subscriptions, and the issuing of letters-patent; that the company was organized by the election of officers; and that Grubb subscribed for two shares of the stock.    The plea was non assumpsit, and payment with leave, &c.    Plaintiffs gave in evidence the act of Assembly and charter of incorporation, and evidence of the subscription by Grubb.

BUFFINGTON, J., charged:—In the present case, the plaintiffs seek to recover the amount of the subscription, being two shares of stock, amounting to fifty dollars, subscribed by the defendant, to

[Grubb *v.* Mahoning Navigation Company.]

the capital stock of said company.  For that purpose they have shown the act of assembly authorizing the incorporation of said company, the letters-patent, and the subscription-book in which the defendant's name appears, taking two shares of stock.  This they proved to be genuine by the witness who was present and saw him sign it.

*The plaintiffs, upon this evidence, rest their cause,* and ask for a 'recovery.  This is objected to by defendant, who contends that by the act of assembly to which the one authorizing this company refers, it is necessary to show that the company was regularly *organized* by the due and proper election of officers, and that *notice to pay* was given to the subscribers.  On the first of these questions we differ with the counsel of the defendant, and instruct the jury that it is not necessary in the trial of this cause, to show a regular election of officers, or what he calls the organization of the company.  As to the second question, if the defendant was aggrieved for the want of notice, he ought to have pleaded that matter in abatement, but the matter being dilatory in its character, and not going to the merits of the case, cannot avail the defendant in the general issue.

Upon the whole of the evidence, if the jury believe the defendant made the subscription, his objection will not avail him, and the plaintiffs are entitled to recover with interest from the time of bringing suit.

To which charge the defendant objected.  Verdict for plaintiff.

It was assigned for error:—1st. The court erred in instructing the jury that proof of a regular organization of the company was not necessary.  2d. The court erred in charging the jury that proof of notice to pay given by the plaintiff to the defendant, was unnecessary under the general issue.  3d. The court erred in generally charging the jury, that if they believed that the defendant made the subscription, his objections would not avail him, and that the plaintiffs were entitled to recover with interest from the time of bringing suit.

*W. P. Jenks,* for plaintiff in error, contended that the act of assembly and act of incorporation and charter were evidence merely of *a right to exist;* but that evidence should have been given of the acceptance of the charter and an organization under it.  That the existence is alleged in the declaration, an organization being averred in it: 10 *Mass.* 97, Portsmouth Livery Company *v.* Watson.  That proof of notice to pay was necessary: 3 *Pa. Rep.* 149; 4 *Whar.* 12; 3 *id.* 198; 4 *Yeates* 350.  As to the third error, that evidence should have been given that the defendant below, at the time he made the subscription, paid the two dollars required by the act to be paid: 10 *Watts* 364.

[Grubb *v.* Mahoning Navigation Company.]

*B. F. Lucas,* for the Company.—That the charter, in pursuance of the act, gave existence to the company. That if notice to pay was necessary, the want of it should have been pleaded in abatement. But that it was not necessary; that notice is to be proved only when the *penalty* is sued for: Gray *v.* M. N. Company, 2 *W. & Ser.* 162. That the objection as to the non-payment of two dollars per share, was not raised in the court below: 3 *Pa. Rep.* 71.

The opinion of the court was delivered by

BELL, J.—That a plaintiff corporation need neither aver nor prove the fact of its incorporation, unless that fact be put in issue by a proper plea pleaded, would seem to be the doctrine declared in the case of Zion Church *v.* St. Peter's Church, 5 *W. & Ser.* 215. Other cases of authority, however, hold that though the charter of incorporation need not be specially set out in the pleadings, it is incumbent on the plaintiff to prove it on the trial of the general issue: Bank of United States *v.* Haskins, 1 *Johns. Cases* 132; Jackson *v.* Plumbe, 8 *Johns. Rep.* 378; Dutchess Cot. Man. *v.* Davis, 14 *Johns. Rep.* 238. If the former be the true rule, the present plaintiff below went further than he could rightfully have been called on to go; if the latter, I think it is clear the proof given was fully competent to establish the asserted fact. The act of incorporation provides, that when sixty shares of the capital stock of the company shall have been subscribed, the commissioners may, and after the whole number of shares are subscribed, shall certify the fact to the Governor, who shall thereupon create and erect the subscribers into a body politic and corporate, in deed and in law, by the name, style, and title of the "President, Managers, and Company of the Mahoning Navigation Company," by which name the said subscribers shall enjoy all the immunities and privileges of a corporation, among which is specially enumerated the power of bringing actions at law. The plaintiff accordingly averred and proved the act of Assembly, the certificate of the commissioners, and the letters-patent issued in pursuance of the act, by the Governor of the Commonwealth. Clearly this was all it was necessary to do, in order to establish the corporate existence. From the moment the letters-patent were issued, the subscribers, including the defendant below, became a corportion for every practicable purpose: 10 *Wend.* 267; 8 *Greenleaf* 365; 2 *W. & Ser.* 79. The subsequent formal organization of the company, by the election of its officers, was not at all necessary to perfect the corporate being. This was required only for the convenient transaction of its business, not to confer upon it the capacity to act. An examination of all the cases, with features similar to that before us, will show that no more was required to establish the plaintiff's title to sue, than was exhibited here.

[Grubb *v.* Mahoning Navigation Company.]

But it is insisted that as the plaintiff chose, though unnecessarily, specifically to allege in the *narr.* as a part of his case, that the company had been duly organized in pursuance of the act of incorporation, by the election of the designated officers, he was bound to prove it, under the principle that an immaterial averment connected with the cause of action, though unnecessarily introduced, must be established by evidence under the penalty of failure. This is, unquestionably, a rule of pleading which has always been insisted upon. It would, perhaps, have been better to have said in the beginning that immaterial allegations might be rejected as surplusage, as most accordant with reason. But though the courts have followed the established rule, they have recognized a distinction between immaterial and impertinent averments, which has greatly narrowed the circle of its operation. Immaterial matter, which must be proved, is that which enters into the foundation of the action though the plaintiff might have succeeded without stating it. As, for instance, where occupancy is sufficient to sustain the action and the plaintiff falsely avers a particular estate or interest in the land; or where he needlessly undertakes to recite part of a deed on which the action is founded, and misrecites it; and, again, if he set forth a judgment on which a *fi. fa.* is founded, although it would have been sufficient to set forth the *fi. fa.* alone, he shall be held to prove the judgment: Bristow *v.* Wright, *Doug.* 667; Waun *v.* White, 2 *Bl. Rep.* 842; Savage *qui tam v.* Smith, *id.* 1101. But if the matter introduced have no necessary connection with the action, and would be stricken out on motion, it is deemed impertinent and need not be proved. It is sometimes difficult to distinguish between what is immaterial and that which is merely impertinent. Yet, as the modern inclination of courts is not to insist stringently upon rules which are not founded in some reason or some overruling policy, I think it may be safely assumed that where there is doubt of the, character of an averment, it is best to class it with those subject to rejection as surplusage. This inclination was, perhaps, acted upon in the New York case of Allaire *v.* Ouland, 2 *Johns. Cases* 52, where a plaintiff averred the issuing of a writ called an attachment of privilege, which, though connected with his cause of action did not lie at the foundation of it, and it was rejected as surplusage. In like manner, I think it may be said the allegation of the election of corporate officers is unconnected with the plaintiffs' right to sue. It enters not into the foundation of his action, which existed before and independently of any election. It is a fact connected with the general subject or history of the corporation, but is in no way linked with the action instituted by it. It might, therefore, have been stricken out as surplusage, and, consequently, was well enough passed without proof.

The imputed error in charging that the plaintiff might recover

the amount subscribed by the defendant without showing a news-paper publication of notice to subscribers in pursuance of the sixth section of the act of incorporation, is ruled by the determination in Gray v. Monongahela Navigation Company, 2 *W. & Ser.* 162. Under a legislative provision, similar in all respects to that before us, it was there held, that notice of a call on stockholders to pay the amount of their subscriptions is only necessary to subject them to the monthly pecuniary penalty for non-payment, and not to found an action for the principal which may be demanded on the foot of the call, without notice of it. There is nothing in the cases cited for the plaintiff in error inconsistent with this doctrine. Sinklor v. The Turnpike Company, 3 *Pa. Rep.* 149; West Philadelphia Canal Company v. Innes, 3 *Whar.* 198; and Crozier et al. v. Leland, 4 *Whar.* 12, arose under acts of Assembly very different in their provisions, and were decided upon points distinct from those presented here.

Under the third error assigned, is presented a question not made below. Besides, the ground upon which it is made to rest is inconsistent with fact, as is shown by the paper-book of the defendant in error.

Judgment affirmed.