# Hastings *v.* Speer, Appellant.

*Pleading—Statement of claim—Anticipatory replication—Allegata and probata—Evidence.*

It is a general rule of common-law pleading which is equally applicable to pleading under the Pennsylvania statute, that a plaintiff is not bound to anticipate and therefore is not compelled to notice and remove in his declaration every possible answer, objection or defense with which the adversary may oppose him.

Where a plaintiff needlessly introduces matters into his statement that do not lie at the foundation of his right of action, he is not bound to prove them.

In an action to recover for goods sold and delivered, where the defendant introduces evidence tending to show a new agreement between the parties after the delivery of the goods, and so conducts the defense as to show that what was done under the new agreement went only to the question of the amount of the defendant's liability upon the original contract, he cannot complain that the plaintiff was permitted to go into the same matters in rebuttal, nor can he complain, after a trial on the merits and a verdict and judgment against him, of a departure from the statement of claim.

Argued May 10, 1907. Appeal, No. 176, April T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1898, No. 287, on verdict for plaintiff in case of J. M. Hastings v. D. R. Speer trading as D. R. Speer & Company. Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered. See 15 Pa. Superior Ct. 115.

The statement of claim was as follows:

. Before me, the undersigned authority, personally came J. M. Hastings, who, being duly sworn, says that he has a just and legal claim against the defendant in the sum of $568.48, with interest thereon from February 1, 1896, the nature and character of which claim is as follows:

On or about October 10, 1895, the said defendant applied to the plaintiff for a certain lot of Norway lumber to be shipped by plaintiff for the defendant to the defendant's customer at Depew, N. Y.

That in compliance with such request, the plaintiff made out a list of the lumber which he had been requested by defendant to ship, a copy of which list was given to defendant, and a copy of the same is hereby attached, marked exhibit " A," and made a part hereof.

Defendant received and accepted said list of lumber, and, in accordance with the custom of trade, said list thereby became an order from defendant to plaintiff for said lumber.

That in pursuance of the acceptance of said list and the order by defendant on plaintiff for said lumber, they then and there agreed upon the prices to be charged for the same.

Plaintiff promptly and in the general course of business shipped and delivered to the point, namely, Depew, N. Y., all of said lumber. A short time after the same had arrived at Depew, this plaintiff was notified by defendant that the lumber was not satisfactory, had been rejected by defendant's customer, and that the lumber was at the railroad tracks subject to plaintiff's order. Plaintiff then and there refused to receive or take back said lumber because it had been shipped in good faith upon the order of defendant, and in strict compliance therewith.

Various negotiations have been entered into between plaintiff and defendant from time to time in respect to said lumber whereby plaintiff undertook to dispose of the same so that the defendant would not be subjected to a great loss, but plaintiff has recently been informed by competent persons, and verily believes the same to be true, that the reason said lumber was rejected at first by the customer of defendant was that the lumber had not been shipped to the defendant's customer in compliance with the order given to defendant by his customer,

the lumber required by defendant's customer being of an entirely different quality and kind of lumber, and that the reason for the refusal of the lumber was no fault of plaintiff, and, plaintiff having been deceived by defendant as to the cause of the lumber being refused, plaintiff has repudiated all arrangements and agreements which tend to an adjustment of the claim between defendant and plaintiff, so that defendant should not be subjected to so great a loss, and plaintiff now claims of defendant the original contract price of said lumber on account of which defendant has paid to the plaintiff the sum of $250. Defendant is entitled to no other or further credits, and the whole sum of $568.48, with interest thereon from February 1, 1896, is now due and payable according to the terms of said agreement.

At the trial when the plaintiff was on the stand the following offer was made:

Mr. Crawford: I propose to prove by the witness that on October 10, 1895, J. M. Hastings furnished to the defendant, D. R. Speer & Company, a certain lot of Norway pine, to be shipped to Depew, New York, amounting in all to $818.48, under and in pursuance of an order received from D. R. Speer & Company.

Mr. Ivory: This is objected to as incompetent under the pleadings, unless the plaintiff proposes in some way to get rid of the second contract set out in his own statement of claim.

Objection overruled. To which ruling of the court counsel for defendant excepts, and thereon at his request exception noted and bill sealed. [5]

(Question read.) "A. We did. We shipped a bill of lumber for Mr. D. R. Speer & Company's account, to Depew, New York, amounting to $818 and some odd cents."

Mr. Crawford: I want to ask the witness if the bill attached to the statement there is the bill of lumber he shipped.

(Paper marked exhibit 1.) "Q. I show you exhibit 1, attached to the court records, and I ask you if that is the bill of lumber that was shipped? A. Yes, sir. Q. What disposition was made of the lumber at that time? A. It was left—— Q. By you and Mr. Speer? A. Mr. Speer and I left it in the hands of a man named Brown to sell."

Objected to as incompetent, being under an agreement that

the plaintiff himself in the pleadings has repudiated, and we ask that the answer be stricken out.

Motion refused. To which ruling of the court counsel for defendant excepts, and thereupon at his request exception noted and bill sealed. [6]

Mr. Crawford: " Q. Mr. Hastings, you have heard the testimony with respect to the agreement that was made for the disposition of this lumber. I wish you would state whether or not the agreement was as they have stated, and, if not, what was the agreement?"

Objected to as incompetent under the pleadings and the former testimony of the plaintiff. Objection overruled. To which ruling of the court counsel for defendant excepts, and thereupon at his request exception noted and bill sealed. [7]

(Question read.) " A. The agreement was that I was to take charge of the lumber, placing it in Mr. Brown's hands with Mr. A. R. Speer mutually agreeing and being with me in Mr. Brown's office at the time, and that the lumber was to be sold and the loss divided between us, each standing one-half. Q. Mr. Hastings, referring to this second agreement that Mr. Ivory has asked you about, and your loss, what was your loss under that?"

Objected to, because the witness stated he never made a demand for the loss under the second agreement.

The Court: We will permit the witness to state what the cost was to him in Depew, that is, the cost plus the freight. We will allow him to show the amount he received from Mr. Brown, and the net loss. Objection overruled. Exception 8.

Defendant presented these points:

3. Under the agreement for the disposal of the lumber in suit and the division of the loss, it being admitted by the plaintiff that the agent selected to handle said lumber accounted to him, and there being no evidence that said agent accounted to the defendant, the defendant was not able to ascertain how much, if any, loss was suffered until he received a statement thereof from plaintiff, and no suit can be predicated on said agreement until the plaintiff has first stated the account between himself and the defendant showing the net loss on said lumber, and made demand for the portion thereof due from the defendant. *Answer:* Refused. [1]

4. Under the evidence of the plaintiff in this case as to the disposal of this lumber, it was an agreement in the nature of a partnership transaction; and the plaintiff having testified that he had charge of the matter with Brown, the selling agent, and the accounting by Brown was direct to him, before a suit will lie for a recovery by him against the defendant, he must first state an account between them showing the net amount of loss and the portion thereof which defendant owes, and make a demand therefor.    And it being admitted by the plaintiff that this has never been done, this action will not lie and the verdict must be for the defendant.    *Answer:* Refused. [2]

5. Under the pleadings and all the evidence in this case the verdict must be for the defendant.    *Answer:* Refused. [3]

6. Under all the evidence in this case the verdict must be for the defendant.    *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $284.57.    Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them; (5–8) rulings on evidence, quoting the bill of exceptions.

*R. B. Ivory*, of *Ivory, Kiskaddon & Moore*, for appellant.— The plaintiff's allegata and probata do not agree and the verdict cannot be sustained: Hale v. Hale, 32 Pa. Superior Ct. 37; Leh v. R. R. Co., 30 Pa. Superior Ct. 396; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

The contract upon which a recovery was had was one in which the parties agreed to share future losses, and the plaintiff was the agent of both parties and handled the property. Before he could bring suit against defendant for contribution, he must render an account of the transaction and make a demand for the amount due.    Not having done this the suit will not lie.    This proposition is based upon our first, second and seventh assignments of error: Hayes v. Morrison, 38 N. H. 90; Barnes v. Parker, 49 Mass. 134; Dewart v. Masser, 40 Pa. 302; Dimock v. U. S. Nat. Bank, 55 N. J. L. 296 (25 Atl. Repr. 926); Wangler v. Swift, 90 N. Y. 38; Phœnix Ins. Co. v. Doster, 106 U. S. 30.

*C. S. Crawford*, for appellee.

OPINION BY RICE, P. J., October 7, 1907:

The appellant's counsel rest his demand for a reversal of the judgment upon two propositions : first, there was a variance between the plaintiff's allegata and probata which entitled the defendant to binding instructions in his favor; second, the contract upon which recovery was had being that the parties would share future losses in a transaction in which the plaintiff acted for both, it was a condition precedent to the right to sue for contribution that the plaintiff render to the defendant an account of the transaction and make a demand for the amount due, which he failed to do. In the determination of these questions it will be necessary to refer to the course pursued by the defendant upon the trial, as well as to the pleadings and evidence.

The plaintiff alleged in his statement of claim, in substance, that pursuant to the defendant's request he shipped to a customer of the defendant at Depew, near Buffalo, New York, a certain quantity of lumber of different sizes, for which the defendant agreed to pay the prices specified in the written order; that these prices and the sums the plaintiff paid for car service, freight and storage, amounted in the aggregate to $818.48; and that the only credits to which the defendant was entitled were for a payment of $150 on account, made by him, and a similar payment of $100 made by one W. W. Brown. The other averments of the statement relative to the controversy, and to the negotiations subsequent to the delivery of the lumber, which led to an arrangement or agreement tending to an adjustment of the claim, which arrangement or agreement, the statement alleges, was procured by deception, and, upon discovery of the deception, was repudiated by the plaintiff, constitute no essential part of the statement of the plaintiff's cause of action. They were evidently introduced to rebut an anticipated defense, and it is a general rule of common-law pleading, which is equally applicable to pleading under our statute, that a plaintiff is not bound to anticipate, and, therefore, is not compelled to notice and remove in his declaration every possible answer, objection or defense with which the adversary may oppose him: 1 Chitty's Pleading, * 222. A departure from this rule often tends to confusion; and, in general it is safe in pleading in actions at law to go upon the principle that it is

enough for each party to make out his own case or defense. But as these matters needlessly introduced into the plaintiff's statement do not lie at the foundation of his right of action, but this existed before and independently of them, he was not bound to prove them: Grubb v. Mahoning Nav. Co., 14 Pa. 302; Sidwell v. Evans, 1 P. & W. 383; Ben Franklin Fire Ins. Co. v. Flynn, 98 Pa. 627, 636. To be more explicit, the omission in the presentation of his case in chief to prove the subsequent arrangement or agreement, the deceit which induced him to enter into it, and his repudiation of it, did not cause a fatal variance. This is also an answer to the objection that plaintiff's offer to prove the sale and delivery should not be received unless it was preceded by proof, or coupled with an offer of proof, of these subsequent dealings. To sum up what we have to say upon this precise point: the right of action asserted by the plaintiff arose directly out of an executed contract for the sale and delivery of a certain quantity of lumber of the quality and sizes specified in a written order, for which the defendant agreed to pay certain prices; proof of the contract and of the delivery of lumber of the quantity, quality and sizes specified constituted a prima facie case; and this was the state of the proof at the conclusion of the plaintiff's direct examination.

But it is claimed that the court in submitting the case to the jury permitted the plaintiff to recover upon another and materially different cause of action. The defendant pleaded non assumpsit, payment and set-off. Neither in his affidavit of defense nor in his evidence did he dispute the contract alleged and testified to by the plaintiff or the delivery of the lumber. What he alleged was, that after its arrival at Depew a dispute arose between him and the plaintiff as to whether the lumber was "up to grade," that he refused to accept it, and that in settlement of the controversy a new agreement was made. This agreement, according to the testimony of his witnesses, was that the plaintiff would dispose of the lumber to the best advantage and that the defendant would bear one-half of the loss, which loss was to be measured by the difference between the cost of the lumber to the plaintiff at Depew and the price for which he should sell it. Upon cross-examination of the plaintiff (with the same effect, and no other, as if he had

been called for cross-examination under the statute) he drew from him the fact, that after delivery of the lumber at Depew. a new agreement was made, but a materially different one from that claimed by the defendant. According to his testimony, the agreement was that one W. W. Brown, a commission agent selected by both parties, should sell the lumber and pay the proceeds to the plaintiff, and that if there was any loss—that is, if the proceeds received by the plaintiff should be less than the cost of the lumber to him at Depew—the defendant would pay one-half. The verdict of the jury interpreted in the light of the judge's charge implies a finding that this was the agreement. Under this agreement the loss consequent upon an embezzlement of part of the proceeds of sale by Brown would have to be borne in equal proportions by the plaintiff and the defendant, whereas, under the agreement which the defendant's witnesses testified to, it would fall upon the plaintiff alone. When this case was here before we said that the new agreement as established by the verdict went to the amount of the defendant's liability, not to the plaintiff's right to recover anything on the original contract. But assuming that in strict pleading the plaintiff should have sued upon the new agreement, first having rendered to the defendant a statement of account showing the loss and demanded payment of one-half, is the defendant in position to raise this objection at this time? In the consideration of this question it is to be borne in mind that the defendant did not content himself with drawing from the plaintiff the fact that the new agreement was made, and its terms, but proceeded to a further examination of him which would not have been relevant unless the questions for determination were, what was the loss and what were the credits to which the defendant was entitled in the adjustment of that loss? He showed by the plaintiff, and his own witnesses testified to the same effect, that he advanced to the plaintiff $150 on account of the new agreement; and in his plea of set-off he claimed that if upon adjustment of the loss this was found to be more than his share, the surplus was to be returned to him. It is difficult to see upon what theory he could in his plea demand a certificate in his favor for the whole or any portion of this sum, unless the amount of the loss was to be ascertained and adjusted in the very case in which the set-off was claimed.

Further, he showed by the plaintiff the quantity of lumber sold by Brown and the proceeds of sale with which the plaintiff was chargeable.  All of this was inconsistent with the theory that proof of the new agreement was of itself a bar to the present action, or that an accounting and a demand were a condition precedent to the right to sue, but was consistent with the theory that proof of the new agreement and what was done under it went only to the question of the amount of the defendant's liability upon the original contract.  Having both in his pleadings and in his evidence proceeded thus far in bringing out the facts essential to a determination of the meritorious question in dispute, the defendant has no just cause to complain that the plaintiff was permitted to go into the same matters in rebuttal, and to more fully develop the relevant facts.  Upon the conclusion of the evidence the jury had before them all of the facts necessary to a determination of the amount due from the defendant.  If there was any departure from the statement of claim, it was not made by the plaintiff in the presentation of his case in chief, but was occasioned by the defense set up and the evidence adduced by the defendant in support thereof, and of his plea of set-off, and by his attempt, in the cross-examination of the plaintiff, to interject into the latter's case his defense upon the merits of the substantial controversy between them.  In this very important respect the case is distinguishable from Wilkinson Mfg. Co. v. Welde, 196 Pa. 508 ; Hale v. Hale, 32 Pa. Superior Ct. 37 ; and Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396, upon which the defendant's counsel rely.  It is to be observed further that this was a second trial, and that the rulings complained of were justified by what was declared by this court when the case was here before.  The defendant was not surprised.  When he went into the question as to what was done under the new agreement, he did so with his eyes open, and the plaintiff and the court were justified in presuming that he elected to have the question of the amount due from him to the plaintiff determined in that trial.  If he so elected, and the plaintiff assented expressly or impliedly, it ought to be very clearly shown that there is some unbending rule which requires it, in order to justify an appellate court in setting aside the verdict, and turning the plaintiff out of court, upon either

of the grounds suggested by the appellant's counsel, after a fair trial upon the merits.

Judgment affirmed.