## Hess v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Drover—Fire—Contributory   negligence—Position of sudden danger.*

In an action against a railroad company to recover damages for personal injuries, it appeared that plaintiff was injured in the burning of a cattle car in which he was riding with a stallion. He testified that when he discovered the fire he called for help, and that if help had come when he called he could have put out the fire and saved the horse and himself too; that he had no notice that the car was to be hauled away from the place where it was standing, and that while it was being moved he was trying to get the blanket, which was on fire, off the horse. He testified further that the car was being moved at such a rapid rate, that it was unsafe for him to jump. There was evidence that the fire was due to the negligence of the defendants' servants. *Held*, that the question of plaintiff's contributory negligence was for the jury.

Where a person, without fault on his part, is placed in a position of danger or embarrassment through the negligence of another, he will not be held guilty of contributory negligence for failure to use all possible means for his safety; if he acts in good faith and his conduct under all the circumstances is that of a man of ordinary prudence, he is not chargeable with negligence, and whether he did so act is a question for the jury.

Argued Oct. 25, 1904. Appeal, No. 78, Oct. T. 1904, by defendant, from judgment of C. P. Bedford Co., April T., 1902, No. 233, on verdict for plaintiff in case of John E. Hess v. Baltimore & Ohio Railroad Company. Before ·RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, J. J. Reversed.

Trespass to recover damages for personal injuries. Before WOODS, P. J.

The facts appear by the opinion of the Superior Court, and by the reports of Trexler v. Baltimore & Ohio Railroad (No. 1) and Trexler v. Baltimore & Ohio R. R. (No. 2).

Defendant presented these points :

2. That as he (Hess) alleges and testifies that on one of the doors of the car in which he and the horse were carried was opened a space of several inches and that he and the persons assisting him in loading the horse spread straw all over the car floor, thus rendering it liable to be ignited from the outside, this act on his part was contributory negligence

and he cannot recover. *Answer*: If the jury believe that John E. Hess, the plaintiff in the one case, and agent for plaintiff in the other case, who was in charge of the horse, acted in a careless manner and permitted the hay and straw to be scattered all over the car, and thereby made it more liable to be set on fire, he would be guilty of contributory negligence and he could not recover. [4].

6. That under all the evidence the verdict must be for the defendant. *Answer*: The jury must consider all the evidence and render their verdict from that and that alone. [5]

Verdict and judgment for plaintiff for $810. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence referred to in Trexler v. B. & O. R. R. No. 1; (4, 5) above instructions, quoting them.

*L. H. Longenecker* and *Wm. H. Koontz*, with them *S. R. Longenecker*, for appellant.

*John H. Jordan*, with him *H. H. Waite*, for appellee.

OPINION BY RICE, P. J., July 13, 1905:

This action was brought by John E. Hess for the injuries he received in the fire described in the case of Trexler v. Baltimore & Ohio Railroad Company, ante, pp. 198 and 207. All of the questions raised upon the defendant's appeal in that case are raised in this case; but in this case there is the additional question whether the court ought to have charged the jury that the plaintiff was guilty of contributory negligence in not leaving the car before his injuries were inflicted. We are of opinion that this was properly a question for the jury and not for the court. The plaintiff testified that if help had come when he called he could have put out the fire and saved the horse and himself too. Until the engine was attached to the car he was actively engaged in that effort. He testified that he had no notice that the car was to be hauled away and that while this was being done he was trying to get the blanket, which was on fire, off the horse. He testified further that the car was being moved at such a rapid rate it was unsafe for him to

jump. If he had deserted his post of duty at that time and left the stallion to its fate, and in jumping from the car had been injured, the defendant, with much better grace and equal plausibility, could have requested the court to declare that his action was negligent. Where a person, without fault on his part, is placed in a position of danger or embarrassment through the negligence of another, he will not be held guilty of contributory negligence for failure to use all possible means for his safety; if he acts in good faith and his conduct under all the circumstances is that of a man of ordinary prudence, he is not chargeable with negligence, and whether he did so act is a question for the jury. This statement of the law, taken from 13 P. & L. Digest of Decisions, col. 21673, is sustained by numerous cases and the principle is applicable here. Moreover, the court by affirming the defendant's fourth point submitted the question to the jury in the manner requested and therefore the defendant has no just ground to complain.

But for the error in the submission to the jury of the testimony relative to the remark of the unknown bystander this case was well tried. We have discussed that question in the Trexler case. The remarks apply with equal force in this case.

Judgment reversed and a venire facias de novo awarded.