# Tilburg v. Northern Central Railway Company, Appellant.

*Negligence—Railroads—Passenger—Ejection from train—Walking on track—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for death of a passenger alleged to have been wrongfully ejected from a train at night, and subsequently killed on the tracks while walking to his destination, the case is for the jury where the evidence is conflicting as to the character of the locality where he was put off, and as to the existence of other and safer ways by which he might have walked to his destination. In such a case the important question is not so much the actual situation as it was, but what it appeared to the deceased to have been, what means of information were reasonably open to him, and how far he availed himself of them. On all of these points the case is for the jury.

Argued March 17, 1908. Appeal, No. 50, Jan. T., 1908, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1905, No. 247, on verdict for plaintiff in case of Mary Tilburg v. Northern Central Railway Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before HART, P. J.

For the facts see 217 Pa. 618 and the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,425. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Seth T. McCormick*, for appellant.

*Otto G. Kaupp*, with him *M. C. Rhone*, for appellee.

PER CURIAM, May 11, 1908:

That the negligence of the appellant in putting the deceased off the train at Haleeka Station, and the contributory

negligence of the deceased in attempting to get back to Cogan Valley Station by walking on the tracks, were questions for the jury, was decided when the case was here before, 217 Pa. 618.

As the former trial ended in a nonsuit there was no evidence on the part of the defendant as to the actual safety of the place, or the deceased's opportunity of learning it.

These elements were supplied at the last trial, but the evidence did not take them away from the jury. Defendant claims to have shown that though Haleeka is a flag station and there is no station house there yet there was a large club house in full view and only 225 feet distant from the point where Tilburg alighted; that there was also a public road leading in a direct line from Haleeka Station to Cogan Valley Station, on a level with, in plain view from, and within sixty feet of the platform upon which Tilburg stood after he got off of the train ; that the distance to Cogan Valley by the public road is less than by the railroad, and that less than 600 feet distant from the point where the plaintiff stood on the platform of the station there was a house standing by the side of the public road in plain view from the station. And furthermore that there were present at Haleeka Station, after Tilburg got off the train, and before he started to walk down the track, several persons from whom he could have inquired his way, and that there was a cinder path on both sides of the track all the way from Haleeka Station to below the point where the body of Tilburg was afterwards found between the tracks, on which he could have walked in safety without ever setting foot upon the railroad track.

But these facts were not admitted, and on the other side were the facts that Tilburg if he had ever been there before was certainly not familiar with the station, and was put off the train there about dusk on a snowy January evening. The important question in regard to his contributory negligence was not so much the actual situation as what it appeared to him to be, what means of information were reasonably open to him, and how far he availed himself of them. On all these points the case was clearly for the jury.

The court would not have been justified in entering judgment for the defendant non obstante veredicto, under the act

of 1905. That act " was not intended to change the relative functions of court and jury, so as to permit the judge to decide questions of conflicting evidence, but only to allow him to do subsequently, on review of the whole case, what it then appeared it would have been proper to do by binding direction at the trial : Bond v. Penna. R. R. Co., 218 Pa. 34, 36.

Judgment affirmed.