# Griffin v. Baltimore & Ohio Railroad Co., Appellant.

*Negligence—Railroads—Passengers — Alighting from train beyond station—Contributory negligence—Proximate cause.*

In an action by a woman passenger against a railroad company to recover damages for personal injuries, a judgment on a verdict for plaintiff will not be sustained on appeal, where the evidence shows that the train stopped at the station of plaintiff's destination, and certain passengers alighted; that plaintiff and others either not hearing the call of the station, or because no call was given, remained in the train, and after they had been carried for about two squares requested the train to be stopped, and this was done; that the place where the plaintiff and her companions alighted was in itself safe; that there were two ways back to the station, either by a broad and safe boardwalk, or more directly by the railroad over an open trestle; that after deliberation and at plaintiff's suggestion, the party started back over the trestle disregarding a danger notice, and in passing over it in the twilight, and in attempting to avoid a train, plaintiff sustained the injuries for which she brought suit.

If two distinct causes are operating at the same time to produce a given result which may be produced by either, they are concurrent causes. But if two distinct causes are successive and unrelated in their operation, one of them must be the proximate and the other the remote cause. In such case the law regards the proximate as the efficient and responsible cause and disregards the remote.

Argued April 19, 1917. Appeal, No. 188, April T., 1917, by defendant, from judgment of C. P. Butler Co., March T., 1917, No. 176, on verdict for plaintiff in case of Anna M. Griffin v. Baltimore & Ohio Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REIBER, P. J.

The facts relating to the accident are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $575.   Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*R. P. Scott,* for appellant.—When the appellee voluntarily alighted from the car and train at Central avenue, in Chicora, a place not shown to be dangerous, and where the brakeman being informed that "she wanted off," practically, at her request, if not behest, stopped the train, that she might alight, she ceased to be a passenger : Fisher v. P. & R. R. R. Co., 182 Pa. 457; Finnegan v. Railroad, 48 Minn. 378, s. c. 51, N. W. Reports 122; Buckley v. Old Colony R. R. Co., 161 Mass. s. c. 36, N. E. Reporter 583; Gould v. McKenna, 86 Pa. 297; Hoag v. L. S. & M. S. R. R. Co., 85 Pa. 293; Penna. R. R. Co. v. Kerr, 62 Pa. 353.

It was negligence per se on part of the appellee to walk on the tracks and trestle where she had no right to be and was a trespasser, to whom the appellant owed no duty at the time she sustained the injuries complained of, except not to do her wanton or wilful injury : Mulherrin v. D., L. & W. R. R., 81 Pa. 366; Fisher v. P. & R. R. R., 182 Pa. 457; Gillespie v. McGowan, 100 Pa. 144; Schleich v. B. & O. R. R., 245 Pa. 184; McGinnis v. Peoples, 249 Pa. 335; Leithold v. Philadelphia & Reading Railroad, 47 Pa. Superior Ct. 137.

*W. H. Martin,* for appellee.—It was the duty of the employees of appellant company in charge of the train, as the train approached the station at Chicora, to call out and announce the name of the station in a distinct and audible tone, and thus afford this plaintiff and the other passengers sufficient time and opportunity to alight in safety from said train : Brooks v. P. & R. Ry. Co., 218 Pa. 1; Englehaupt v. Erie R. R. Co., 209 Pa. 182.

We submit that when the plaintiff discovered that her

station had been reached, found the train moving therefrom, called the attention of the conductor to the fact that she was to get off at that station, that it was his duty to back the train and permit her to alight safely at the station: Case v. D., L. & W. R. R. Co., 191 Pa. 450.

The action of the railway company was the proximate cause of the accident: Reimard v. B. & S. R. R. Co., 228 Pa. 384; Ham v. D. & H. Canal Co., 155 Pa. 552; Tilburg v. Northern Cent. Ry. Co., 221 Pa. 245; Hess v. Baltimore & Ohio R. R. Co., 28 Pa. Superior Ct. 220.

OPINION BY ORLADY, P. J., July 13, 1917:

On the trial in the court below the plaintiff recovered a verdict of $575. A motion for judgment non obstante veredicto was overruled. This appeal is presented by the defendant. The contention of the appellant is, that the negligence of the plaintiff is a bar to a recovery for the injury she sustained. We adopt her history of the transaction, which is substantially as follows: She purchased a ticket from Butler to Chicora and entered the rear coach of the defendant company's train, which left Butler at 5:10 p. m., on October 26, 1915. On the arrival. of the train at Chicora on schedule time, it was stopped, and she alleges that no announcement was made of its arrival at the station and she did not alight while the train was standing. It proceeded a short distance, when she was told by a companion that that was her destination, and the train brakeman was promptly notified. The train stopped to discharge her and several other passengers who were also in doubt as to the signal for the station.

The place where the stop was made, was about two blocks or squares north of the station, but at a point where there were streets and dwellings within near view. She voluntarily alighted with the others from the train, and on being safely discharged with the assistance of a trainman, on the side of the track they were cautioned "to watch the trestle, that there was a freight coming

down." While the plaintiff and her friends were in this situation, one said, will we go up this boardwalk or down the trestle, and the plaintiff replied that, she would go down the trestle, because she would find her companions at the station, where they had gotten off the train at the regular stopping place. Between the place where they voluntarily alighted and the station, was an open trestle bridge, and as shown by the photograph filed in the case, in full view, and at the end of the trestle, was prominently displayed a sign, "all persons warned not to trespass on the tracks or grounds of this company." She with the others decided to use the tracks of the railroad company as a way to get to the regular station, and in passing over the open trestle in attempting to avoid a train, she sustained injuries which are the basis of this action. It was twilight and the trainmen had their lanterns lighted, though surrounding objects were in clear view. She was not familiar with the track and roadbed, but she knew of and saw the public walk of the borough at the side of the track, which communicated with the other streets, so as to give her a way of arriving at the hall or at the home of the friend she intended visiting.

The principles which control the judicial contemplation of such an act are thoroughly well settled. There is no material dispute in the testimony which affects her right to recover, or the defendant's liability. The duty of a railroad company has been frequently declared and in Brooks v. Philadelphia & R. Ry. Co., 218 Pa. 1, it is summarized as follows: "The contract of a passenger with a railroad company, as evidenced by his ticket, requires the company to carry him safely to his destination and to give him an opportunity to alight at the usual stopping place. It is the duty of the carrier to announce the name of the station as the train approaches it, and on the arrival of the train at the station to afford the passenger sufficient time and opportunity to alight in safety. The passenger's contract does not terminate until he has alighted from the car at the end of the journey. The

relation of the carrier and passenger continues until the passenger has had a reasonable opportunity to depart from the train or car in safety."

The evidence clearly shows that this train had stopped at the proper place on schedule time, and that a number of passengers alighted in safety after being notified by the trainmen of its approach to the station. We assume that this plaintiff did not hear the public announcement, and innocently remained in the train on account of not receiving direct notice of the stop at Chicora. From her own testimony, it is equally clear that the defendant acted promptly in stopping the train and aided her with her companions in alighting to the ground at the side of the tracks, where she was in a perfectly safe place. Her subsequent hazard was of her own making.

The question presented is, whether the negligence of the company was the proximate cause of her injuries, or whether her contributory negligence so intimately concurred with the alleged negligence of the company as to bar her recovery. In Herr v. City of Lebanon, 149 Pa. 222, the rule is clearly stated to be, "If two distinct causes are operating at the same time to produce a given result which may be produced by either, they are concurrent causes. But if two distinct causes are successive and unrelated in their operation, one of them must be the proximate and the other the remote cause. In such case, the law regards the proximate as the efficient and responsible cause and disregards the remote."

It is equally well settled that a person who is suddenly placed in a position of danger by the negligent act of another, is not responsible for an error of judgment committed in an attempt to extricate himself whereby he incurred another danger without negligence of his own: Sprowls v. Morris Township, 179 Pa. 219. And, where one is put in a position of embarrassment and difficulty by the negligence of a railroad company, he is not bound to use the best judgment, but only good faith and reason-

able prudence.    Malone v. Pittsburgh & L. E. R. R. Co., 152 Pa. 390.

To the point of her leaving the car, there is no suggested negligence on the part of the defendant. She had been safely transported to her destination, and whether she did not hear the trainman's call for the station or whether it was in fact not given, as soon as the defendant's employees were notified of her desire to alight at Chicora, they promptly responded and acted on her suggestion. She did not ask that the train be backed to the station, and with other passengers alighted at the place where the train was stopped. There is no suggestion that this particular place was unsafe or that it did not have a safe and unobstructed communication with the public streets of Chicora. She was inquired of by her companions as to the route they would adopt in going to the public hall or the home of her friends, and she decided that question in favor of the railroad tracks by way of the open trestle. Her decision of the route appears to have controlled the others, and with full knowledge of the visible risk of walking on an open trestle, in the twilight, and disregarding the notice against trespassing on the trestle, they voluntarily elected to undertake this risk.

Should the defendant be required to anticipate such a decision and be liable for her reckless election of a dangerous route, when another perfectly safe one was open to her choice?

She was not called on to act in a sudden emergency. While disappointed at being placed two squares away from her proper destination, there was not an emergent situation requiring a hasty decision. The surrounding circumstances were not in any sense alarming. A plain, open and safe boardwalk was the invitation of the public authorities. She had plenty of time to deliberate, and did deliberate in deciding on which of two ways she would adopt. That she was unfortunate in making this

decision, cannot in any way be imputed to the defendant company.

The question narrows down to the proposition, what was her duty under the circumstances? The company safely discharged her at an admittedly improper place, but which was not a place of hazard, and it had the right to assume that she possessed ordinary intelligence and would exercise the judgment reasonably necessary to take care of herself. The fact that her companions joined in her conclusion to adopt the open trestle to the station, cannot weigh in her favor, as it must be apparent to any reasoning mind that the use of an open trestle, unprotected with planking, is so manifestly a dangerous way, that it is negligence per se to use it, if there is any other available exit from that situation. The rule that where a person without fault on his part, is placed in a position of danger or embarrassment through the negligence of another, will not be held guilty of contributory negligence for failure to use all possible means for his safety; if he acts in good faith and his conduct under all the circumstances is that of a man of ordinary prudence, he is not chargeable with negligence, and whether he did so act is a question for the jury (Hess v. B. & O. R. R. Co., 28 Pa. Superior Ct. 220), does not apply to the facts as developed by the plaintiff's own testimony. The alleged negligence of the defendant in not notifying her to get off the train at Chicora, is so remote a cause that it cannot be considered as proximate to her injuries, which were self-induced by her reckless adoption of a manifestly dangerous way.

There being no evidence of negligence on the part of the appellant as the direct producing or proximate cause of the plaintiff's injuries, a jury cannot be left to guess at or conjecture about what constitutes negligence. There must be evidence of the negligence complained of or there are no facts to be submitted to the jury.

The judgment is reversed, the record is remitted to the court below with direction to enter judgment for the defendant, notwithstanding the verdict.