## Cleaver *v.* Pennsylvania Company, Appellant.

*Negligence—Railroads—Passenger ejection from train—Walking on track—Contributory negligence—Case for jury.*

In an action against a railroad company, to recover damages for injuries to a passenger, alleged to have been wrongfully ejected from a train at night at a flag station, and subsequently injured on the tracks while walking to his destination, the case is for the jury to decide whether or not the plaintiff should have been dismissed from the train on a dark, cold night at a station, where there were no passenger facilities, and whether he was guilty of contributory negligence in walking up the tracks of the defendant, instead of using a public road some distance away, the existence of which he was not informed.

Argued May 1, 1919. Appeal, No. 63, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 84, on verdict for plaintiff in case of F. J. Cleaver v. Pennsylvania Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

Plaintiff was injured while walking along the tracks of the defendant company. The circumstances preceding the accident appear in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $50. Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*W. S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Meredith R. Marshall,* and with him *Rody P. Marshall,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

The plaintiff was a passenger on a train of the defendant company, accompanied by a friend. Their destination was Economy. When the conductor collected the tickets, the plaintiff requested that he notify him of the approach of the train to the station, as he was a stranger in that locality. This the conductor promised to do, but notice was not given and the plaintiff was not aware that the train had arrived at Economy until his attention was called to the fact after the train had started. He immediately requested the brakeman to stop the train, as it had only proceeded a few feet at that time and was moving very slowly past the station platform. This request was refused, with the information that he would have to go to the next stop. The train was stopped at a flag station called Logan. There was neither a passenger station nor agent at that point, the only indication of a stopping place being an open shelter shed, a light and a platform. The railroad tracks were situated along the bank of the Ohio river at the foot of a high bluff. The time was about six o'clock in the evening of December 6th. It was very dark and was raining. When the train came to a stop at Logan, the defendant and his companion, Fitzgerald, were told by the conductor, or a man in uniform on the platform to get off. As no place of shelter was apparent, the plaintiff asked that he be taken to a station where he

could get a train back, and his companion Fitzgerald joined in the conversation. Thereupon the uniformed employee took the plaintiff by the arm and said, "You are detaining the train, get off." The plaintiff asked him, "How am I going to get back?" To which he replied, "I should worry, walk back the track." Thereupon the plaintiff alighted from the train. No person was at the platform except a man. The plaintiff and Fitzgerald stopped on the platform for a little while looking around and determining what to do. They went to the man on the platform and asked him how they could get back to Economy, or how they could get away from the station. He said there was a path leading from the station some place, but he "did not know how in hell we could find our way by that path, that the best thing he saw for us to do was to walk back the track." They looked for a path and for a roadway, but did not discover either. They also looked over the hills to see if they could observe any lights, or any buildings that would indicate if a town of any kind was there, but saw nothing except the lights of Economy station, from which they had just come. They then decided to walk back to Economy along the tracks. No way was visible beside the tracks and they walked on the ties. There were four tracks. The plaintiff had had experience as a railroad employee and knew the direction and character of the trains on each of the tracks. While making their way toward Economy, the plaintiff and Fitzgerald were struck by a train and sustained the injury of which complaint is made. The defendant asked for binding instructions and for a judgment non obstante veredicto, both of which requests were denied by the court. The single question raised by the appeal is therefore whether the evidence for the plaintiff, a summary of which is given above, is sufficient to take the case to the jury. There can be no doubt that the defendant was negligent in not giving notice of the approach of the train to Economy, especially in view of the evidence that plaintiff had informed the conductor that he was not

familiar with the station and that he wished to be notified when it was reached.  Nor could the court have held that the plaintiff and his companion were not put off the train at Logan.  It is admitted that that was not a regular passenger station, and there is no pretense that there were accommodations there for a person who might alight at the platform.  The evidence of the defendant showed that there was a public highway on the top of the hill about 1330 feet from the platform, which was reached by a path up the hill, but there is no evidence that the plaintiff had any knowledge of it except that given him by the stranger on the platform; nor was he informed in regard to the existence of a highway.  No house was in sight at which application might have been made for information. It does not follow that the existence of a path and a highway at the top of the hill imposed the duty on the plaintiff to find and use this route to his destination.  If he had been familiar with the path, it would have been his duty to use it, but a stranger was not bound to take the chances of such a way, with which he was not familiar.  Whether he should have searched for the path and used it in the exercise of ordinary judgment and care was a question for the jury.  The case is not to be disposed of on knowledge introduced at the trial, but is to be decided in the light of the facts as they appear to the plaintiff at the time.  He was bound to use reasonable and ordinary prudence in attempting to escape from the situation in which he was placed by the act of the defendant's servants, and under such circumstances, it was not negligence per se for him to walk on the railroad track in going from Logan to Economy when the lights at the latter station were visible to him at Logan and no other way was observable or known by him to reach that station.  The test is not that he used the highest and best judgment, but that he exercised good faith and reasonable prudence.

The law involved in the case is stated in Malone v. Pittsburgh & Lake Erie R. R. Co., 152 Pa. 390; Ham v. Delaware & Hudson Canal Co., 155 Pa. 548; Reimard v.

B. & S. R. R. Co., 228 Pa. 384; Tilburg v. Northern Central Ry. Co., 217 Pa. 618; Tilburg v. Northern Central Ry. Co., 221 Pa. 245.

The latter case is quite similar to that under consideration except that the passenger in the case cited could not find his ticket when it was called for by the conductor, and for that reason was not permitted to alight at his destination, but was carried to the next station and there put off the train. There was also in that case evidence that there was a public road within sixty feet of the platform, and that less than six hundred feet from the point where the passenger stood on the platform of the station there was a house standing by the public road in plain view from the station; that there were several persons on the platform from whom he could have inquired his way, and that there was a cinder path on both sides of the track from the station to a point beyond the place where his body was found between the tracks after he had started to walk back to the station at which he wished to alight. On such a state of facts, it was held that the case was one for the jury, and that a judgment for the defendant non obstante veredicto could not have been properly entered.

The question therefore whether the plaintiff should have been dismissed from the car on a very dark and cold night at a station situated such as that described by the witnesses, and whether the plaintiff was guilty of contributory negligence in undertaking to escape the embarrassment and difficulty in which he was placed by such conduct of the defendant's agent were questions for the jury. There is no complaint that they were not fairly submitted, and the verdict should be sustained. Judgment affirmed.