# Knowlan *v.* Shipley-Massingham Co., Appellant.

*Negligence—Infant—Motor truck—Contributory negligence of parent—Sudden peril—Case for jury.*

1. In a negligence case against the owner of a motor truck to recover damages for injuries to a child five years old run down by the truck, the mother of a child cannot be charged with contributory negligence as a matter of law, where the evidence shows that the mother leading the child by the hand started to cross a street at an established crossing on a night that was dark and smoky; that on the street there was a single car track upon which the cars

traveled westerly; that, as the mother walked from the curb, she looked in the direction from which the cars came; that when almost at the first rail, the truck traveling easterly, at a high rate of speed, without giving any signal, bore down upon her; and that in the resulting confusion the child escaped from her and was run down by the truck.

2. In this case, the mother, confronted with sudden peril, through no fault of her own, was not held to the exercise of the best judgment to protect her child.

Argued October 17, 1919. Appeals, Nos. 92 and 93, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1918, No. 1783, on verdicts for plaintiffs in case of Mary Anna Knowlan, by her parents and next friends, Charles F. Knowlan and Margaret M. Knowlan, and Charles F. Knowlan and Margaret M. Knowlan, in their own right, v. Shipley-Massingham Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for injuries to a child. Before CARPENTER, J.

Verdict and judgment for Charles F. Knowlan and Margaret M. Knowlan for $2,284.50, and for Mary Anna Knowlan for $6,500. Defendant appealed. The appeal from the second judgment was withdrawn.

*Errors assigned* were refusal of defendant's request for binding instructions and motion for judgment n. o. v.

*Harry J. Nesbitt,* with him *Simon R. Huss,* for appellant.

*Robbin B. Wolf* and *W. I. King,* for appellee, were not heard.

PER CURIAM, January 5, 1920:

Margaret M. Knowlan and her child, Mary Anna, five years of age, were about to cross one of the streets in the City of Pittsburgh when the child ran from the mother

and was struck by an automobile truck of the defendant. The injuries which she sustained resulted in the amputation of one of her limbs at the knee. In the action brought against the defendant there was a recovery by the child and the parents. That the negligence of the defendant was for the jury is admitted by the withdrawal of the appeal from the judgment in favor of the child, but it is urged that the parents ought not to be allowed to recover in view of the contributory negligence of the mother in permitting the child to run away from her. The court below properly declined to so hold, for the testimony developed the following situation: The parents of the child lived on Wooster street, near Wylie avenue, and, on a dark and smoky November night, at nearly eight o'clock, the mother and the child started south on Wooster street for Wylie avenue. Arriving there the mother looked in both directions, saw nothing, and, holding the child by the hand, started to cross the avenue at an established crossing. The avenue is thirty-six feet from curb to curb, with a single car track in the center, upon which the cars travel westwardly. As the mother walked from the curb toward the first rail she was watching to her left, the direction from which the street cars came. When almost at the first rail the truck of the appellant, traveling eastwardly, on the car track, at a high rate of speed and without sounding a gong or horn, bore down upon her. In the resulting confusion the child escaped from her. As to this, part of her testimony was: "When I got to the rail I noticed the rumbling of a car coming, or the truck, and in the confusion I do not know whether I dropped the child's hand, or if she pulled away from me, but she proceeded out, that is, up the car track like." The mother, having been confronted with sudden peril, through no fault of her own, was not held to the exercise of the best judgment to protect her child from it: Malone v. Pittsburgh & Lake Erie R. R., 152 Pa. 390; Stover v. Pennsylvania Railroad Company, 195 Pa. 616. The jury fairly found that

in her alarm and excitement she had done nothing to place upon herself responsibility for her child's injuries.

The assignments of error are overruled and the judgment is affirmed.