## Weathers et ux. *v.* Pennsylvania Railroad Company, Appellant.

Argued April 30, 1928.

Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Samuel W. Pringle,* and with him *Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—The illness of the plaintiff was not the result of her boarding the wrong train: Fowles v. Southern Railroad Company, 96 Va. 742; Weeks v. Gt. Northern, 175 N. W. 726, A. L. R. 1178; Ingraham v. Pullman Company, 76 N. E. 237, 2 L. R. A. N. 1087; Railroad v. Addison, 97 S. W. 1037, 8 L. R. A. N. S. 880.

*C. G. Notari,* and with him *Rody P. Marshall,* for appellee.—Defendant's negligent act was the proximate cause of the condition of the plaintiff: Malone v. Pittsburgh & Lake Erie R. R. Co., 152 Pa. 390; Reimard v. Bloomsburg & Sullivan R. R. Co., 228 Pa. 384; Case v. Railroad Co., 191 Pa. 450; Township of West Mahanoy v. Watson, 112 Pa. 574; Tilburg v. Northern Central Ry., 217 Pa. 618; Cleaver v. Pennsylvania Co., 72 Pa. Superior Ct. 271; Frankel v. Norris, 252 Pa. 14.

OPINION BY GAWTHROP, J., July 12, 1928:

This is an action of trespass brought by a husband and wife for damages alleged to have resulted to both from the negligence of defendant company. The wife purchased a railroad ticket at Muskegon, Michigan, over defendant's road, to Pittsburgh, Pennsylvania, and became a passenger on a train which arrived at Fort Wayne, Indiana, in the early morning of December 23rd. It was necessary for her to change cars at that point. When she got to defendant's station at Fort Wayne, she was informed that the train for Pittsburgh was scheduled to leave at 3:10 A. M. When she went to the train gate, the gateman asked her where she was going and she said "to Pittsburgh," and showed him her ticket. He looked at it and directed her through the gate, telling her to go to "your left, track 5." When she got to the train the conductor asked her where she was going. She said: "Pittsburgh,

Pennsylvania.'' The conductor looked at her ticket and helped her to get on the train. After the train started and she presented her ticket to the conductor, he said: ''The fellow at the gate shouldn't have let you through.'' He handed her a piece of paper, on which he had written, ''get street car back to Fort Wayne.'' She was carried on the train twenty-eight miles to Kendallsville, a town of about six thousand people, which was the first station that was open at night, where she was put off the train before daylight. It was then raining. She walked about one hundred and fifty feet to the station which was warm and lighted. She could not get a train from Kendallsville to Fort Wayne until seven o'clock P. M. She then decided to seek transportation to Fort Wayne by trolley cars, and took a taxicab to a point in Kendallsville at which she boarded a trolley car, and changed cars twice before arriving in Fort Wayne. From the time she left the train until she arrived at defendant's station in Fort Wayne, she was exposed to the rain from time to time, got very wet, became ill as a result thereof, required medical services, and was confined to the house for a month. The jury returned a verdict for Mrs. Weathers in the sum of $900, but as to the husband the verdict was for defendant. Defendant asked for binding instructions and for judgment non obstante veredicto; and for a new trial on the ground that the trial judge erred in admitting evidence of the exposure of Mrs. Weathers to the elements on her return journey from Kendallsville and the resulting illness.

The assignment, that the verdict should have been directed for defendant, could not be sustained without totally ignoring plaintiffs' evidence, a summary of which is given above. This was sufficient to take the case to the jury. It must be accepted as settled by the verdict that Mrs. Weathers was misled into taking the wrong train by the negligence of the agents

of defendant committed in the line of their duty, and that she was in no fault herself in taking the train or in her subsequent conduct. While there seems to be a lack of decisions in this state on the subject of the liability of a railroad company for damages suffered by a passenger from taking the wrong train as a result of the misdirection of the company's agents, the general rule derived from the cases in other jurisdictions may be stated thus: It is the duty of a carrier of passengers to give the passenger such instructions and directions as are reasonably necessary to enable him to pursue his journey with safety and dispatch, and the passenger is entitled to rely and act upon information or instructions given him by agents of the carrier acting within the apparent scope of their authority, if the information is not manifestly erroneous or does not lead him into plain danger. Where a passenger is misled by the acts or statements of the company's agents into taking the wrong train and is ejected therefrom by the conductor, the company is liable to him in tort. He may leave the train and seek transportation by some other means and recover damages for the injury sustained by the company's negligence: Hutchinson on Carriers, Vol. 2, sections 1060 and 1067, Ed. 1906; 10 C. J., p. 738. Where a company, by the act of its proper agent, causes a passenger to take the wrong train, it must be held to have contemplated that under the instruction given its conductor, the passenger would be put off of the train at the first proper place after the error should be discovered unless he should pay his fare to some other point. The act of the agent who misdirects the passenger is the wrongful act for which the company becomes liable and is the proximate cause of his ejection. In such circumstances, it is not necessary to establish by independent proof that the ejection from the train was wrongful.

As to the contention of appellant that there was

error in admitting the evidence that Mrs. Weathers was drenched in the rain and suffered damages as a result thereof, because this was not the proximate result of the alleged act of negligence, we have concluded that it is without merit. The undoubted rule as to proximate cause is that the injury must be the natural and probable consequence of the negligence charged—such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to follow from his act: Reimard v. B. & S. R. R. Co., 228 Pa. 384, 388. The situation in which Mrs. Weathers found herself when she was put off the train is presumed by the law to have been known to the defendant. Therefore, it cannot be held as a matter of law that it ought not to have anticipated that she would undertake to go to Fort Wayne in the manner she did. If that was a natural and reasonable thing for her to do, the consequences to her in doing it were not too remote to enter into the computation of damages. She was bound to use reasonable and ordinary prudence in attempting to escape from the situation in which she was placed by the negligence of defendant's servants. Whether she did so was for the jury. The law involved in this feature of the case is stated in the following cases, which involved a wrongful ejection of a passenger from a train: Cleaver v. Pennsylvania Co., 72 Pa. Superior Ct. 271; Reimard v. B. & S. R. R. Co., supra; Tilburg v. Northern Central Ry. Co., 217 Pa. 618; and Malone v. Pittsburgh & Lake Erie R. R. Co., 152 Pa. 390.

The assignments of error are overruled and the judgment is affirmed.