Weiss, Appellant, *v.* Pittsburgh Railways Co.

Argued October 1, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*L. J. Ritter,* with him *N. J. Lippard,* for appellant.— Plaintiff is entitled to go to the jury on the general presumption against contributory negligence unless his negligence appears affirmatively; and plaintiff is not required to disprove contributory negligence but only to make out a case clear of it: Young v. P. R. T. Co., 248 Pa. 174; Ely v. Ry., 158 Pa. 233; Thomas v. P. R. R., 275 Pa. 579.

Decedent, having been killed while proceeding across the regular crossing where he had a legal right to be, there was a presumption that he used and continued to use due care: Thomas v. R. R., 275 Pa. 157; P. R. R. v. Weber, 76 Pa. 157; Weiss v. R. R., 79 Pa. 387; Rice v. R. R., 271 Pa. 180; Haughey v. Ry., 210 Pa. 363; Sontum v. Ry., 226 Pa. 230; Schum v. R. R., 107 Pa. 8.

One placed in sudden peril without his fault is not responsible for an error of judgment: Thomas v. P. R. R., 275 Pa. 579; Smith v. Transit & Light Co., 282 Pa. 511; Knowlan v. Massingham Co., 266 Pa. 117; Centofanti v. R. R., 244 Pa. 255; Saughnessy v. Traction Co., 17 Pa. Superior Ct. 588.

Decedent had the right to rely on the assumption that the street car would be operated in a proper and legal manner: Murphy v. Transit Co., 285 Pa. 399.

*D. H. McConnell,* with him *J. R. McNary,* for appellee, cited: Holland v. Transit Co., 270 Pa. 219; Gavin v. Transit Co., 271 Pa. 73; Schmidt v. R. R., 244 Pa. 205; Gehringer v. Rys., 301 Pa. 103.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

Adam Weiss was killed by defendant's street car under the following circumstances: On the evening of November 17, 1927, he approached the street crossing at Hamilton Avenue where it intersects Murtland Avenue in Pittsburgh. Although it was raining, and the street lamps were burning, he could see, from his position on the southwest corner, defendant's car approaching three or four hundred feet to his right on Hamilton Avenue. After starting to cross, an automobile which he must have noticed approached from his left on Hamilton Avenue, traveling in the opposite direction from that of the street car. He continued forward and reached the six-foot between the two car tracks on Hamilton Avenue. At that time, a taxicab was seen to approach in the same direction and alongside of the street car near its front end. It was running in the six-foot on the westbound track, where it should not have been. At this moment, Weiss's position was extremely perilous; on his left was the automobile and to his right were both street car and taxicab coming toward him. Both of the latter were running at a very high rate of speed (from twenty-five to thirty-five miles an hour) as they approached the crossing. When the street car and the taxi were from sixty to eighty feet away, he tried to clear the track on which the street car was running, almost succeeding, but was struck by the street car just as he was leaving the outer rail and was instantly killed.

In the action brought by the widow of decedent for the recovery of damages, the court below granted defendant's motion for a compulsory nonsuit, on the ground of contributory negligence.

That the defendant was clearly negligent seems to be beyond question. When Weiss started to cross the track on which the street car was running, the car slackened its speed, indicating an intention to stop at the regular place, some little distance away from the street crossing, where some persons were standing. It did not stop, however, but accelerated its speed to the crossing, with decedent in plain view. " 'The rights of the pedestrian and the street railway company are mutual, and each is bound to exercise the care required by the circumstances. The danger the pedestrian is bound to foresee and avoid is that of being injured by cars operated in a proper and legal manner.' He had a right to rely on the assumption that all persons will use ordinary care to protect him (Young v. P. R. T. Co., 248 Pa. 174; Wagner v. P. R. T. Co., 252 Pa. 354), and the mere failure to anticipate the negligence of another does not defeat an action for the injuries sustained: Knobeloch v. P. & N. C. Ry. Co., 266 Pa. 140; Simon v. Lit Bros., 264 Pa. 121": Murphy v. P. R. T. Co., 285 Pa. 399. The taxi driver on the wrong side of the street was likewise guilty of negligence. While it was the taxi that placed plaintiff in a position of peril, this would not relieve defendant of its negligence in approaching the crossing at a high rate of speed and in failing to observe decedent's perilous position as he attempted to cross the track. Had the taxi driver not been where he was, no accident would have happened, and had the motorman kept his car under proper control, then likewise there would have been no accident (see Smith v. Reading Transit and Light Co., 282 Pa. 511, 516), but where the negligence of two or more persons concur in causing an injury, they are jointly and severally liable, and in such case one can not excuse himself on the ground that the negligence of an-

other figured in producing the result: Burrell Twp. v. Uncapher et al., 117 Pa. 353, 362. Both might have been sued under the Joint Suit Act of 1923, P. L. 981; the one is not relieved because another, who aided in the injury, is not sued.

We cannot say decedent was guilty of contributory negligence; that was a matter for the jury. It is clear he was in a position of extreme peril; with the automobile to his left, retreat to the rear was dangerous, and the two cars were approaching at a high rate of speed at his right. When he left the sidewalk he had an undoubted right to do so, as the cars were a sufficient distance away. The situation of danger arose after he was committed to the crossing. His acts with regard to negligence must be judged from the circumstances as they then appeared. In his position one is not required to exercise the highest or even an ordinary degree of judgment; it is a judgment arising from peril or care under the circumstances. "One placed in sudden peril without his fault is not responsible for an error of judgment (Knepp v. B. & O. R. R. Co., 262 Pa. 421) : see Ely v. R. R., 158 Pa. 233"; Thomas v. P. R. R., 275 Pa. 579, 583. To the same effect: Smith v. Reading T. & L. Co., supra; Knowlan v. Shipley-Massingham Co., 266 Pa. 117; Centofanti v. P. R. R., 244 Pa. 255, 259; Malone v. Pgh. & Lake Erie R. R. Co., 152 Pa. 390.

The judgment of the court below is reversed and a procedendo awarded.