## Hohensee v. Colonial Airlines, Inc.

Before Valentine, P. J., Aponick and Flannery, JJ.

*James P. Harris* and *William B. Landis*, for plaintiff.

*Philip V. Mattes*, and *Coughlin & Hughes*, for defendant.

FLANNERY, J., October 2, 1950.—This action comes before the court on preliminary objections to the complaint. Plaintiff purchased a ticket from the National Airlines, Inc., for an airplane flight from Jacksonville, Fla., to the Scranton-Wilkes-Barre Airport at Avoca, Pa. He was carried from Jacksonville to Washington, D. C., via the Eastern Airlines, Inc., a connecting carrier and when he attempted there to board an

airplane of the Colonial Airlines, Inc., defendant company, to complete his journey he was informed that there was no available space on the scheduled flight for the reason that a new ·clerk had, through error, sold plaintiff's seat to another. Defendant company then refused to permit him to board the plane nor did it make any other arrangements for his continuing as per schedule.

Plaintiff further avers that because his journey was interrupted due to defendant company's failure and refusal to hold plaintiff's reservation he was unable to keep an important business engagement in the City of Scranton and consequently suffered a loss in the amount of $32,141.10. For this damage the suit was instituted.

To the complaint, which was brought in trespass, defendant company filed three preliminary objections: One in the nature of a motion to strike off; the second in the nature of a motion for a more specific complaint, and the third, a demurrer.

Since we agree that the demurrer should be sustained, we will consider it only.

Plaintiff has declared in trespass but the essential averments in the complaint all relate to the nonperformance of an alleged contract. It is argued that more than a mere breach is set up and that defendant's failure sounds in tort for the negligent performance of a contract. With this we cannot agree.

The agreement for transportation was made by plaintiff with the National Airlines, not with defendant company. It is the general rule that the initial carrier by the sale of an ordinary ticket for through transportation acts as a principal only for its own line and as agent for connecting carriers. The rights of passengers and the responsibility of carriers is, therefore, the same as though separate tickets were purchased. If, however, there is a specific definite contract for through

transportation entered into between the purchaser and the initial carrier, the rule is otherwise and the initial carrier is liable for its breach anywhere along the route. But such specific, definite contract must be averred clearly and explicitly. 13 C. J. S. 1222, §652.

How are those principles to be applied in the facts before us? From the pleaded facts the only conclusion that can be fairly drawn is that defendant company, the Colonial Airlines, refused to honor the contract when the time for performance was at hand. It can hardly be said that there was a negligent performance when no performance was undertaken. The contract was repudiated in its entirety.

If this was a contract of the Colonial Airlines made by its agent, the National Airlines, assumpsit will lie but not trespass and the demurrer would have to be sustained.

"The claim is for damages sustained by reason of the failure of defendant to perform his part of the agreement. Arising as it does out of the agreement of the parties, it is for a breach of contract, and in this is distinguished from a right of action for a tort, which must be based upon the breach of a duty fixed by law, without regard to the will of the parties": Reilly v. White, 234 Pa. 115, 118.

And see also 10 Am. Jur. (Carriers) 347, §1602:

"It would appear, however, that in the event the carrier, without inflicting any personal injury, or indignity, upon a passenger, merely refuses or fails to carry out the contract of carriage, the passenger's right of action is ex contractu and not ex delicto."

If this was a through contract, a special contract, for through transportation from Jacksonville to Scranton, made with the National Airlines and interrupted through negligence of its agent, the Colonial Airlines, then trespass might lie, though such is doubtful, but

the action would be against the principal contractor, the National Airlines.

In either event plaintiff would be without standing in the present state of the record.

What contract then has he averred? He merely states in the complaint that:

"3. On or about the 10th day of March, 1949, plaintiff made a reservation for transportation at Jacksonville, Florida, with National Airlines, Inc. via the defendant's airlines connecting at Washington, D. C. to Scranton-Wilkes Barre Airport. Such reservation called for the transportation and reservation of accommodations beginning March 18, 1949, over Flight No. 610 of the Eastern Airlines, Inc. leaving Jacksonville at 10:15 o'clock a.m. and connection with the flight of the National Airlines, Inc. for Scranton at 1:00 o'clock p. m. Pursuant to regulations, said reservation was validated March 17, 1949, at Jacksonville, Florida".

The complaint refers to the purchase of a ticket without indicating the terms and conditions printed thereon. The complaint also refers to "regulations" which are not set forth. Hence, we must conclude that there is no such special contract but separate contracts with the several connecting carriers.

We are satisfied that this was a routine transaction in which the original principal, the National Airlines, acted as an agent for the connecting carriers; that defendant, the Colonial Airlines, therefore, had a contract made by its agent, which it breached by refusing to undertake, not by negligent performance; and finally that for such a breach the Colonial Airlines is a proper defendant but the action must be in assumpsit.

It is undoubtedly true as argued by plaintiff that there has been a tendency to eliminate the evils of the emphasis on the form of action which developed in the

common law. However, our Procedural Rules Committee, which considered consolidation of all actions prior to the adoption of our present Rules of Civil Procedure, decided that such was impracticable. The recent decision of our Supreme Court in Loch et ux., v. Confair et ux., 361 Pa. 158, 162, contained this statement relating to the election of the form of action:

"An election of remedies in this regard has, however, never been held by this Court to authorize institution of a contract action based upon averments of negligence. Nor, conversely, has it authorized institution of a negligence action based upon averments of contract. Essential distinctions which exist have been recognized. While there is a distinct tendency towards relaxation of the strictness of the common law as regards pleadings, a plaintiff cannot successfully maintain an action in one form by averring facts establishing a valid cause of action if properly brought in another form."

The cases relied upon by plaintiff to support his contention that he has established a case in trespass can be distinguished on their facts from the one at bar. In Siegel v. Struble Bros., Inc., 150 Pa. Superior Ct. 343, plaintiff had contracted for installation of a heating and air conditioning unit which was actually installed in plaintiff's premises and would have operated correctly if it had not been negligently installed. The Superior Court said at pages 345 and 346:

"The action here, however, was properly brought in assumpsit though sounding in tort. The gist of the action was defendant's negligence and though it might have been brought in trespass, *the real issue was whether the defendant was guilty of neglect in the performance of its contract.* Cowan v. Nagel, 89 Pa. Superior Ct. 122." (Italics supplied.)

As we have pointed out, in the case at bar no performance by defendant was ever attempted.

In Abent v. F. & M. Coal Co., 37 Luz. 200, plaintiff brought an action in assumpsit to recover wages and defendant then set forth a counterclaim alleging that plaintiff had negligently killed a mule while in the act of performing his contract of employment. This court then decided that under the Practice Act of May 14, 1915, P. L. 483, 12 PS §431, the counterclaim would lie because the act of plaintiff was one for which an action of assumpsit would lie, citing Zell v. Dunkle et al., 156 Pa. 353, which holds that an action in assumpsit would lie against a bailee repairman to recover the value of a boiler which allegedly was destroyed in a fire caused by the bailee's negligence while the bailee had it in his possession and had undertaken performance of the contract for repairs.

In Weathers et ux. v. Pennsylvania Railroad Company, 94 Pa. Superior Ct. 50, plaintiff was put off a train after having gotten on the wrong train because of defendant's negligence and suffered exposure for which the court held she might properly sue in trespass. Here we have no such wrongful ejection of a passenger. Plaintiff never boarded defendant company's plane and consequently could never have been ejected.

"Objection to the form of the action will be considered if the complaint is timely. Welker vs. Metcalf, 209 Pa. 373": Siegel v. Struble Bros. Inc. supra.

It is only those cases where there has been a waiver of the improper form of action that the courts have permitted amendment of the form of action. Defendant having taken timely advantage of defects in the form of the action and we, having decided that plaintiff cannot maintain this action in trespass although he does have a cause of action sueable in assumpsit, accordingly enter the following

*Order*

Now, October 2, 1950, defendant's preliminary objection in the nature of a demurrer is sustained, plaintiff's action is dismissed and judgment is entered for defendant.