## Stover *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Crossings—Stop, look and listen.*

A woman at night on the sidewalk of a public street approached a railroad crossing where there were four tracks, but at which there were no safety gates and no watchman. She waited until a train passed, backing on the track nearest to her ; and before starting she saw that the sidewalk was clear and the only train in sight was on the third track, having passed over the sidewalk, and was standing with its rear car twenty feet from the sidewalk with the engine at the other end. When she reached the second track she stopped and looked, and the sidewalk being still clear and the train not in motion, she started forward the second time, and when close to the third track or directly on it the car was suddenly struck by the engine and projected on to the fourth track, where it struck the woman and inflicted the injuries which proved fatal. *Held*, that the question of the deceased's contributory negligence was for the jury.

*Negligence—Contributory negligence—Position of sudden peril.*

Where a person, without fault on his part, is suddenly placed in a position of difficulty or danger he is not bound to the use of the best judgment in his efforts to extricate himself.

Argued March 14, 1899. Reargued March 13, 1900. Appeal, No. 373, Jan. T., 1898, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1893, No. 61, on verdict for defendant in case of John H. Stover v. Pennsylvania Railroad Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Trespass for death of plaintiff's wife. Before MAYER, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*C. S. McCormick*, for appellant.—The question of the deceased's contributory negligence was for the jury: Philadelphia & Reading R. R. Co. v. Troutman, 11 W. N. C. 453 ; Kay v. Penna. R. Co., 65 Pa. 273 ; Penna. R. Co. v. Ogier, 35 Pa. 60 ; Schum v. Penna. R. Co., 107 Pa. 8 ; Weiss v. Penna. R. Co.,

79 Pa. 387; Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55; Phila., Wilmington & Balt. R. R. Co. v. Stinger, 78 Pa. 219; McKee v. Bidwell, 74 Pa. 223; Philpott v. Penna. R. Co., 34 Atl. Repr. 856; Fisher v. Monongahela Connecting R. R. Co., 18 Atl. Repr. 1016; Fennell v. Harris, 39 Atl. Repr. 491; Davidson v. Lake Shore, etc., Ry. Co., 36 Atl. Repr. 291; Baker v. Northeast Borough, 151 Pa. 234; Borough of Nanticoke v. Warne, 106 Pa. 373; Little v. Hackett, 116 U. S. 366; Simons v. Susquehanna Depot, 112 Pa. 384.

*John G. Johnson*, for appellee.—The court was compelled to infer contributory negligence from evidence not contradicted: Blaney v. Electric Traction Co., 184 Pa. 524.

A husband cannot recover against a railroad company for the death of his wife if there was contributory negligence on her part: Penna. R. Co. v. Lewis, 79 Pa. 33.

OPINION BY MR. JUSTICE FELL, May 7, 1900:

The question is whether the instruction to find for the defendant was warranted. This question must be considered in the light of the plaintiff's testimony alone, as there were no undisputed facts established by the testimony for the defendant which could have been considered by the court in giving the instruction complained of. The facts as presented by the plaintiff's testimony were these: Walnut street, in the city of Williamsport, runs north and south, and is crossed by three main tracks of the defendant's road at right angles. South of the south track is a siding, which diverges from the main track at a point near the east side of Walnut street and leads into a freight yard. The plaintiff's wife was walking south on the sidewalk on the east side of Walnut street, after dark. When she reached the crossing it was obstructed by a train which was backing from the east. She waited until the train had cleared the sidewalk and the engine was about the middle of the street, when she walked forward in front of it. After crossing the north track she stopped and looked. The sidewalk was then clear, but a car loaded with lumber was standing on the south track about twenty feet west of the crossing. At this moment the engine back of her on the north track moved east over the sidewalk. She went on across the middle track, and when she was clear

of the south track, or on it, the lumber car was suddenly pushed, or in the words of the trainmen "kicked by the engine," on to the siding south of the track, where it struck her, inflicting injuries which proved to be fatal. No notice or warning of any kind was given of the intended movement of the car. There were no safety gates at the crossing. There was no light on the car, and no man at the crossing or on the car to give warning of danger. The street was a much used thoroughfare, and on either side of it there were a number of switches and diverging tracks where cars were shifted and trains made up. The tracks across Walnut street, while main tracks, were also connecting links between the yards east and west of the street.

Whether there was sufficient evidence of the defendant's negligence to take the case to the jury need not be discussed. In considering whether the deceased was guilty of contributory negligence we have this situation: At night on the sidewalk of a public street she approached a railroad crossing where there were four tracks. There was no one to notify her whether it was safe to cross; she was left to form her own judgment of the danger. She waited until a train had passed, backing on the track nearest to her; and before starting she saw that the sidewalk was clear, and the only train in sight was on the third track, having passed over the sidewalk, and was standing with its rear car twenty feet from the sidewalk, with the engine at the other end. When she reached the second track she stopped and looked. The situation was unchanged. The sidewalk was clear and the train was not in motion. She started forward the second time and when close to the third track, or directly on it, the car was suddenly struck by the engine and projected on to the fourth track. There was nothing to call her attention to the intended movement of the car or to give her notice after it started. As the usual motion of trains is forward, and the engine was at the further end, to her mind the inference would be that when it moved it would go from her. Her retreat had been cut off by the forward movement of the engine on the first track behind her. If she watched the train and saw it move, she was not negligent in assuming that her safest course was to cross in advance of it the track on which it had stood. She had time to do this, and she did it and reached what was

apparently a position of safety on the fourth track, but which in reality because of the shifting of the car to that track, was the place of real danger. We find no evidence whatever of negligence on her part after she attempted to cross. If she knew anything of the threatened danger because of the movement of the car she exercised reasonable prudence to avoid it; and if she was, without fault on her part, suddenly placed in a position of difficulty or danger she was not bound to the use of the best judgment in her efforts to extricate herself: Penna. R. Co. v. Werner, 89 Pa. 59; Malone v. Pittsburg & Lake Erie R. R. Co., 152 Pa. 390; Cannon v. Pittsburg, etc., Traction Co., 194 Pa. 159.

To hold then that she was guilty of contributory negligence we must find as matter of law that the situation when she reached the crossing was so manifestly dangerous that a person of ordinary prudence would not have attempted to cross. At all times there was danger at this crossing because of the use of the street in drilling cars, but this danger was not apparent to one who did not know of the use. As said before, the sidewalk was clear, and the only train in sight had crossed it and was standing with the last car twenty feet away and its make up and position were such as to indicate that when it moved it would move from the crossing. Under the circumstances disclosed by the plaintiff's testimony the question of contributory negligence was, we think, for the jury.

The judgment is reversed with a venire facias de novo.