# Goldie *v.* Pittsburg & Lake Erie Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Grade crossings—Contributory negligence—Case for jury.*

1. Where a woman about to go over a crossing of a railroad where there are four tracks, stops on the first track, when she is invited by the track foreman to continue over, and in doing so is struck just as she is leaving the third track, by a locomotive which had been standing about twenty or thirty feet from the crossing when she started, and the locomotive gives no signal, the case is for the jury and a verdict and judgment for plaintiff will be sustained. In such a case the evidence as to the trackman's invitation may be taken as a part of the res gestæ.

*Pleading—Practice, C. P.—Negligence.*

2. The plaintiff in an action for negligence is not bound to sustain all the averments of the declaration. Where the evidence supports an allegation of the declaration, which if proved would entitle the plaintiff to a verdict, it is sufficient.

Argued April 28, 1910. Appeal, No. 174, April T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1905, No. 157, on verdict for plaintiff in case of Thomas Goldie v. The Pittsburg & Lake Erie Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,235. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Samuel McClay,* with him *Reed, Smith, Shaw & Beal* and *Wm. A. Seifert,* for appellant, cited: Hauser v. R. R. Co., 147 Pa. 440; Corcoran v. Penna. R. R. Co., 203 Pa. 380; Muckinhaupt v. R. R. Co., 196 Pa. 213; Gangawer v. R. R. Co., 168 Pa. 265; Elston v. R. R. Co., 196 Pa. 595; Caldwell v. R. R. Co., 58 Mo. App. 453; McLean v. A. Schoenhut Co., 225 Pa. 100.

*Oliver K. Eaton,* with him *Petters & McAllister,* for appellee, cited as to contributory negligence: Sloan v. Ry. Co., 225 Pa. 52; Ely v. R. R. Co., 158 Pa. 233; Martin v. R. R. Co., 176 Pa. 444; Arnold v. R. R. Co., 161 Pa. 1; Hoffmeister v. R. R. Co., 160 Pa. 568; Ayers v. Ry. Co., 201 Pa. 124; Bracken v. R. R. Co., 222 Pa. 410; Stover v. Penna. R. R. Co., 195 Pa. 616.

Cited as to the alleged variance: Williams v. Ry. Co., 31 Pa. Superior Ct. 580; Stegmaier v. Coal Co., 225 Pa. 221; Cameron v. Traction Co., 216 Pa. 191; Schmelzer v. Traction Co., 218 Pa. 29.

OPINION BY HENDERSON, J., October 10, 1910:

The verdict of the jury established the negligence of the defendant, and the propriety of submitting that question is made apparent by a consideration of the evidence. The only witnesses who testified about the accident stated very positively that no warning was given of the approach of the locomotive before it reached the crossing. This crossing was a public thoroughfare in the borough of Port

View leading from McKeesport, along which Mrs. Goldie must pass in going to her home. That it was the duty of the defendant's employees in charge of the locomotive to give adequate signals of the approaching train at such a crossing has been so often declared that the citation of authorities is unnecessary. The defense principally relied on is that the plaintiff cannot recover because of the contributory negligence of his wife. This negligence is said to exist in the fact that she went onto the track in front of the locomotive. Whether this was an act of negligence or not depended on the circumstances which according to the plaintiff's case were these: There were four railroad tracks at the crossing; Mrs. Goldie was on her way home and stopped on the first track which was the one nearest to the river; she looked and listened; at that time the crossing was clear but a locomotive to which a pay car was attached was standing on the third track from her twenty or thirty feet down the track from the crossing; it does not appear how long the car had been there; nothing was proved to indicate that the locomotive was about to start, and it is not pretended that it was operated on schedule time; while Mrs. Goldie stood on the first track the track foreman of the defendant who was on the opposite side of the tracks signaled to her to cross, whereupon she proceeded on her way; at this time the engine had not been started; before she cleared the third track she was struck by the locomotive. The only witness who saw the accident thus describes it: "She was just about the last foot off the rail when she got struck." She was about in the middle of the track on which the engine was running when the locomotive alarm was sounded, at which time as the witness stated "it was too late for her then to turn." The engine started after she undertook to make the crossing and while she was going over the second track. We are not able to declare on the facts thus presented that she was guilty of contributory negligence. What she should have done under the circumstances is rather a question for the jury. There is no evidence what-

ever of negligence up to the time when the locomotive
commenced to move.  It had a light load and started
easily.  Whether she observed its starting does not appear,
and if she did, considering her situation with reference to
the tracks, the course she took may have appeared to be
the most prudent.  If she was suddenly placed in a posi-
tion of difficulty or danger without fault of her own she
could not be required to exercise the best judgment in ex-
tricating herself: Malone v. R. R. Co., 152 Pa. 390; Can-
non v. Traction Co., 194 Pa. 159; Stover v. Penna. R. R.
Co., 195 Pa. 616.  It is not a case of a person stepping in
front of a moving train and being immediately struck.
She had observed proper precautions before attempting
to cross and was well-nigh out of reach of the engine at
the time she was struck.  There was a short interval be-
tween the engine before it was started and the place where
the collision occurred, and there was a failure to give
timely warning that it was about to be started or was in
motion.  It was undoubtedly the duty of Mrs. Goldie to
exercise care according to the circumstances and these as
was said in Hoffmeister v. Penna. R. R. Co., 160 Pa. 568,
had changed from the time she stopped and looked before
going on the tracks: "then she was in a place of safety and
if defendant had given proper warning she was bound to
hear and heed it; but being upon a crossing over five
tracks without negligence then it was for the jury to say
whether she was negligent in not turning back or in not
hastening her steps or in not stopping between the tracks
with a locomotive four to six seconds off."  Penna. R. R.
Co. v. Garvey, 108 Pa. 369, was a case of a pedestrian
crossing the defendant's tracks in which it was said: "It
cannot be declared as a rule of law that he must stop,
look and listen between the different tracks lying close to
each other.  Indeed, to so stop instead of hastening to
cross all of them might have been evidence of negligence.
Whether it was less dangerous to move continuously
across the tracks than to loiter between them was a ques-
tion for the jury."  Stover v. Penna. R. R. Co., 195 Pa.

616, is to the same effect as is also Ayers v. Ry. Co., 201 Pa. 124. These authorities and others which might be cited lead us to the conclusion that the court was not in error in holding that the case was not so clear as to justify the withdrawal of it from the jury. The action of the track foreman in inviting Mrs. Goldie to cross the tracks might well be regarded as part of the res gestæ as was done in Ayers v. Ry. Co., 201 Pa. 124, and McCarthy v. R. R. Co., 211 Pa. 193. It is true that such action of the defendant's employee did not excuse the plaintiff's wife from the exercise of due care, but the evidence was admissible for the purpose of showing the circumstances in which Mrs. Goldie was placed and to aid in answering the inquiry whether she acted as a person of ordinary prudence ought and would have done.

We are unable to agree with the learned counsel for the appellant that the judgment cannot be sustained on the statement of claim filed. One of the complaints was that the defendant did not have the locomotive under reasonable and proper control; another, that it failed to give any signal or warning as the train approached the crossing. The evidence would justify the conclusion that default in either of these respects may have been the proximate cause of the accident. The plaintiff was not bound to sustain all the averments of the declaration. Where the evidence supports an allegation of the declaration which if proved would entitle the plaintiff to a verdict it is sufficient: Stegmaier v. Keystone Coal Co., 225 Pa. 221. After a careful consideration of the case we are of the opinion that the judgment should be sustained.

The judgment is affirmed.