# Rodell, Appellant, v. Adams.

*Negligence—Master and servant—Emery wheel—Defective appliance—Pleading.*

1. In an action by an employee against his employer to recover damages for personal injuries from the breaking of an emery wheel, where the only negligence alleged is that the arbor or spindle on which the wheel ran was too light, a nonsuit is properly entered if it appears from the plaintiff's own testimony that he had had twenty years experience in the use of emery wheels, that he had selected the wheel in question himself from the stock in the factory and had placed it on the machine, that he had told his employer that it was difficult to grind tools on the wheel, but that he had not spoken of its being dangerous, and that he did not believe that it was dangerous.

2. In an action for negligence it is not enough that a cause of action be shown, it must be the cause alleged.

Argued Jan. 23, 1911. Appeal, No. 272, Jan. T., 1910, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1906, No. 3,032, refusing to take off nonsuit in case of Harry A. Rodell v. Daniel Adams. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZIS-KER, JJ. Affirmed.

Trespass to cover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the case.

*Error assigned* was order refusing to take off nonsuit.

*Myles Higgins,* for appellant.

*Paxson Deeter,* with him *E. Clinton Rhoads* and *John C. Bell,* for appellees.

PER CURIAM, April 10, 1911:

The plaintiff was injured by the breaking of an emery wheel on which he was grinding tools. He was a skilled workman, with some twenty years' experience in the use of emery wheels. He had selected the wheel from the stock in the factory and placed it on the machine on which it was operated. The negligence alleged in the plaintiff's statement of claim was that the wheel was defective and known by the defendant to be so. The only testimony in support of this allegation was that the arbor was too light for the wheel. The only effect of this was that the wheel vibrated and made the grinding of tools more difficult. It did not make the use of the wheel unsafe. The plaintiff, who used the wheel daily, testified that he had told his employer that it was difficult to grind tools on the wheel, but that he had not spoken of its being dangerous, and that he did not believe it was dangerous. His only objection was on the ground of inconvenience, not of danger. The plaintiff's testimony made an end of his case. If he, a skilled workman, did not consider the wheel dangerous,

his employer had no reason to believe it dangerous. Moreover, there was no evidence that the wheel was dangerous or that the accident resulted from the use of a light arbor. There was an attempt at the trial to set up other grounds of negligence, not alleged in the statement. This could not be done. It is not enough that a cause of action be shown; it must be the cause alleged.

The judgment is affirmed.