Opinion by
Orlady, J.,
The defendant’s description of the accident which induced the verdict against him clearly showed that he “recklessly, carelessly, and negligently operated and ran his automobile so as to strike, knock down and drag the plaintiff,” as alleged in the statement.
The parties met on the open highway in clear daylight. The defendant testified that he had such perfect control of his car that he could stop it on an inch; that by the defendant’s walk he knew him to be an old man; and when about fifteen feet distant he called out to him, “Get somewhere so I can get by”; that they began zigzagging, the plaintiff in one direction, then back again as though he was bewildered, and further — “I didn’t think it was necessary to stop the machine.” Had he done the plainly prudent thing to do under such circumstances — stop his machine — the plaintiff would not have been injured. Each was where he had a right to be, and the defendant *232 was bound to anticipate that he might meet an infirm person on the public street and to have his car under such control as would enable him to avoid any injury by slowing up and if necessary to stop. He elected to take his chance of running around the plaintiff.
A plaintiff is not bound to sustain by proof all the averments of negligence set out in his declaration. It is sufficient if the evidence supports an allegation, which when proved will entitle him to a verdict: Goldie v. R. R. Co., 44 Pa. Superior Ct. 350; Cameron v. Traction Co., 216 Pa. 191; McConnell v. Penna. R. R. Co., 223 Pa. 442.
The statement charged the defendant “with recklessly, carelessly and negligently operating and running his machine at a high rate of speed contrary to the laws of the commonwealth,” but as stated by the learned trial judge the adverbs apply to the operation as well as to the running of the machine. The defendant did not ask for a bill of particulars nor demur to the statement, but went to trial on every issue of fact that was fairly raised by the statement. The jury was instructed that there was no evidence in the case to warrant a finding that the defendant was running his machine at a high rate of speed when the accident happened, so that the only question was as to its management and operation. The statement alleged four distinct accounts, to wit: reckless, negligent and careless operation of the machine, and at an excessive rate of speed. The allegata from which the proofs must not materially vary and with which they must be consistent, are those averments of fact contained in the plaintiff’s statement of his cause of action which, if substantiated, would entitle him to recover. If the statement contains other allegations of fact not essential to the cause of action sued upon, the plaintiff is not bound to prove them, and a failure to do so would not constitute a fatal variance which will preclude recovery if the essential averments have been duly established: Stegmaier v. Keystone Coal Co., 225 Pa. 221. As stated in Hastings *233 v. Speer, 34 Pa. Superior Ct. 478, “It is á general rule of common-law pleading which, is equally applicable to pleading under our statute that a plaintiff is not bound to anticipate, and is therefore not compelled to notice and remove in his declaration every possible answer, objection or defense with which the adversary may oppose him.”
The main contention of the appellant is, that the court erred in not giving binding instructions to find in his favor, on the ground of the plaintiff’s alleged contributory negligence.
The plaintiff was without fault in attempting to cross the highway, and he was placed in a perilous situation by the defendant’s conduct. He should not be held to the same degree of deliberation and coolness as if there had been no negligent action on the part of the defendant: Johnson v. R. R. Co., 70 Pa. 357; Baker v. Northeast Borough, 151 Pa. 234; Victor v. Penna. R. R. Co., 164 Pa. 195; Hookey v. Oakdale Borough, 5 Pa. Superior Ct. 404; Russell v. Westmoreland County, 26 Pa. Superior Ct. 425.
The judgment is affirmed.