# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

---

## McGrath v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads — Underground passage — Automobiles— Contributory negligence.*

Where a railroad company at the instance of a borough constructs an underground passage for a street to eliminate a dangerous grade crossing, and piers are erected in the cartway of the street in the passage to support the overhead structure, and the railroad company by its agreement with the borough is under no duty to see that the passage is properly lighted, the railroad company is not liable for personal injuries to the owner of an automobile who while driving at night runs into the piers which were without a red light or other means of warning.

In such a case the plaintiff is not entitled to recover because of his contributory negligence, where the evidence shows that he knew of the position of the piers, that he traveled with dimmed headlights, that the night was stormy, and that he could have stopped his car in perfect safety and have avoided the accident had he driven in a careful prudent manner.

It is the duty of the driver of a car, driving on a dangerous highway on a dark, stormy night, to have his car under such control that he may stop or turn it away when objects intercepting his passage come within range of the rays of light from his lamps. If he drives so fast that he cannot avoid what ordinary prudence would make a known obstruction, he is guilty of negligence.

Trespass to recover damages for personal injuries. Before FORD, J.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Edwin P. Griffiths,* with him *Patterson, Crawford & Miller,* for appellant.

*John F. Gloeckner,* for appellee.

OPINION BY KEPHART, J., December 12, 1918:

For many years there existed in the Borough of Wilkinsburg a dangerous grade crossing. The borough, by agreement with the defendant, secured the elimination of this crossing by conducting the street or highway underneath the defendant's tracks. The latter were sustained by a bridge which spanned the street and because of its length and width piers were necessary to support it. The plaintiff, while driving his car at night, ran into one of these piers. In his statement he avers that the defendant was negligent in permitting its piers to remain in the said street without a red light or other means of warning. The construction and engineering features of the bridge were subjects of the agreement between the borough and the defendant and so far as the borough is concerned were matters wholly within the discretionary control of the borough council. The mutual advantage was adequate consideration for all subsequent moves in relation to the change of the streets. It was, therefore, not negligence on the part of the company to build the piers in the street. They were put there by the borough though the work was done by the company. They were not there by virtue of any contract where the benefit was chiefly derived by the company, as are electric light or telephone poles, erected by permission of municipal

authorities.   There was nothing in the agreement that imposed any duty on the defendant to see that the highway was properly lighted.   As these piers were on the street they were no different from any other structure in the highway placed there by the municipal authorities; as, for illustration, a fountain or monument.   If the piers became dangerous because it was impossible to see them after night, as a measure of public safety the duty may devolve on the municipality to display lights or take other precautionary measures to warn travelers.   The contract spoke of the maintenance of the bridge.   This would not impose on the company the duty to safeguard the public.   That clause had relation to the physical structure of the bridge.   We do not see under what circumstance the defendant was liable.   Counsel has seen fit to waive this question and defends solely on the ground of contributory negligence.

The plaintiff, early in the evening, had gone under this bridge to a club.   He knew where the bridge was when he approached it and could see far enough ahead to have stopped his car to have prevented the accident.   The condition of the weather made it more incumbent on the driver to take greater precaution.   He knew the obstructions were under the bridge, and if he did not know the exact location of this pier, it was all the more important that he should move cautiously.   He traveled with dimmed headlights; when so traveling he should have been more cautious as the diminished rays of light demanded.   It is the duty of the driver of a car, driving on a dangerous highway on a dark, stormy night, to have his car under such control that he may stop or turn it away when objects intercepting his passage come within range of the rays of light from his lamps.   If he drives so fast that he cannot avoid what ordinary prudence would make a known obstruction, he is guilty of negligence.   It is apparent from the impact of the car that the plaintiff was driving at an excessive rate of speed.   However this may be, taking his testimony to be correct, he

4 McGRATH v. PENNA. R. R. CO., Appellant.

could have stopped his car in perfect safety and have avoided the accident had he driven in a careful, prudent manner.

The judgment is reversed and the record is remitted with direction to enter judgment n. o. v.