# Killeen, Appellant, *v.* Delaware, Lackawanna & Western Railroad Co.

*Appeals—Practice, C. P.—Objection not raised at trial—Charge.*

1. Where objections to the charge were not raised at the trial, although opportunity was offered to do so, the appellant cannot, on appeal, raise minor objections to it.

*Negligence—Railroads—Passenger—Obstruction in aisle of car —Allegata and probata—Evidence.*

2. Where a passenger in a suit against a railroad company alleges in his statement that he was injured by falling over an obstruction in the aisle of a car, which the darkness prevented him from seeing, the burden is upon him to prove the existence of such obstruction, where the statement did not aver that the darkness was the cause of his fall.

Argued February 23, 1921. Appeal, No. 310, Jan. T., 1921, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1917, No. 1094, on verdict for defendant, in case of Bernard Killeen v. Delaware, Lackawanna &

Western Railroad Co. Before WALLING, SIMPSON, KEP-
HART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before NEWCOMB, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff ap-
pealed.

*Errors assigned* were various instructions, quoting
them.

*Stanley F. Coar,* with him *E. A. DeLancy* and *David
J. Reedy,* for appellant.

*J. H. Oliver, D. R. Reese* and *Knapp, O'Malley, Hill &
Harris,* for appellee, were not heard.

PER CURIAM, March 21, 1921:

On the evening of January 12, 1917, plaintiff, while
walking through the aisle of one of defendant's cars, on
which he was a passenger, fell and was injured. The
gravamen of his complaint is that as the car was not
lighted he tripped over some unknown obstruction, suf-
fered to remain in the aisle. The case was submitted
to the jury, who found for defendant. The only errors
assigned by appellant (plaintiff) relate to the charge of
the trial judge. As plaintiff submitted no requests and
remained silent when the trial judge asked if anything
had been omitted from or misstated in the charge, he
cannot now raise minor objections thereto, and we find
no substantial ground of complaint. The charge ade-
quately covered the case and it was not error to instruct
the jury, in effect, that the allegata and probata must
agree. Appellant's complaint was that he was injured
by falling over an obstruction in the aisle, which the
darkness prevented him from seeing, and the weakness
of his case was lack of evidence to show such obstruc-
tion. Possibly he might have averred his fall as the

result of the darkness; but as he chose to base it upon an obstruction in the aisle, it was not error to charge the jury that the burden was upon him to prove the existence thereof.

The judgment is affirmed.