## Brink *v.* City of Scranton, Appellant.

*Negligence—Municipalities—Failure to erect light—Contributory negligence.*

In an action against a city for failure to maintain a light or sign to indicate the existence of a public park, at a point where a street was divided into two parallel ways, the evidence established that the plaintiff, driving his car on a dark stormy night, ran into the curb although he could see 25 feet ahead and could have stopped his machine in that distance. Under such circumstances the plaintiff was guilty of contributory negligence and cannot recover.

It is the duty of a motorist traveling by night to have his car under such control that he may stop or turn it away when objects intercepting his passage come within reach of the light from his lamps. If he drives so fast that he cannot avoid what ordinary prudence would make a known obstruction he is guilty of negligence.

Argued March 2, 1925. Appeal, No. 19, Feb. T., 1925, by defendant, from judgment of C. P. Lackawanna Co., March T., 1920, No. 723, in the case of George Brink v. The City of Scranton. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before POTTER, P. J. 17th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $464.63, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Philip V. Mattes,* City Solicitor, and with him *T. L. Hoban,* Assistant City Solicitor, for appellant.

*William B. Landis,* and with him *A. A. Vosburg,* for appellee.

OPINION BY GAWTHROP, J., April 28, 1925:

Wyoming Avenue is a main paved street in the City of Scranton running north and south. Its roadway is fifty feet wide. It is intersected at right angles by Larch Street which is thirty-four feet wide between the curbs. Beginning at a point thirteen feet north of the north curb line of Larch Street there is a parkway extending northwardly longitudinally along the center of Wyoming Avenue. This parkway is ten feet wide, contains shrubs and trees, and is surrounded by a curb which rises six inches above the asphalt pavement. The end of the curb facing south is shaped in a semicircle, constructed upon a five-foot radius. Consequently, north of Larch Street on Wyoming Avenue there is a twenty-foot roadway on each side of the parkway. The intersection of Wyoming Avenue and Larch Street is substantially level. The rate of ascent of Wyoming Avenue as it approaches Larch Street from the south is two and a half feet per hundred feet. At the southwest corner of the intersection, there is an arc light suspended on a mast arm from a pole. The distance of this light from the end of the parkway is not more than fifty feet. About eight o'clock p. m., November 29, 1919, the plaintiff, driving his automobile in a northerly direction toward Larch Street on Wyoming Avenue, ran into the curb at the south end of the parkway, lost control of his car, ran across the parkway and into a car approaching from the north on the west side of the street. The collision resulted in damage to his car for which he sued the

city. The negligence charged in the statement of claim is that the city "did not keep or maintain any red light or other signal, to indicate this obstruction, so that people having occasion to drive northerly on Wyoming Avenue across Larch Street, would be able to see it and avoid running into it." The plaintiff testified that it was rainy, foggy and slippery; that he was driving about twelve or fifteen miles an hour; that he did not know that there was a parkway there, and that he "did not see the curb until he struck it." When asked whether there were any lights on the corner, he said "there was a light, I should judge about seventy-five feet from the terrace, and to the left from me on Larch Street, on the corner; it didn't show no light on my side whatever, and as I was going up this grade my light shone over the terrace and I couldn't see." On cross-examination he testified that the light on the corner was the ordinary arc light which is found throughout the city at the street corners, and that the place where the collision occurred was separated from the arc light only by the width of Larch Street; that he had good headlights on his car and both were lighted; that it was rainy and the windshield was wet and he "couldn't see so very far......twenty-five feet was the best I could see; the windshield was wet." The plaintiff's wife, who accompanied him, testified that as they approached the intersection they saw the glare of the lights of the approaching car, and that she "couldn't see practically anything." The trial judge submitted the case to the jury, which found for plaintiff. From the judgment entered thereon the city brought this appeal, its principal contention being that it was entitled to binding instructions in the court below because: (1) the plaintiff was guilty of contributory negligence as matter of law; (2) the city was not negligent.

(1) In the language of Justice KEPHART, when a member of this court, in McGrath v. Pa. R. R. Co., 71 Pa. Superior Ct. 1, 3: "It is the duty of a driver of a car, driving on a dangerous highway on a dark, stormy night,

to have his car under such control that he may stop or turn it away when objects intercepting his passage come within range of the rays of light from his lamps.  If he drives so fast that he cannot avoid what ordinary prudence would make a known obstruction, he is guilty of negligence."    In that case a railroad bridge which crosses a borough street was supported by piers in the street.  The plaintiff, while driving his car at night, ran into one of these piers.  His statement averred that the railroad company was negligent in permitting its piers to remain in the street without a red light or other means of warning.  The judgment for the plaintiff was reversed and directed to be entered for the defendant n. o. v. on the ground that the plaintiff could have stopped his car in perfect safety and avoided the accident had he driven in a careful, prudent manner.

In Serfas v. Lehigh & New England R. R. Co., 270 Pa. 306, Mr. Justice WALLING said: "It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision."  While that statement was made in a case involving the failure of a plaintiff to observe the rule requiring the traveler to stop, look and listen before attempting to cross a railroad track, the principle is applicable here.  The condition of the weather and the water or mist on the windshield made it incumbent on the driver to take greater precaution. If he was not familiar with the street and did not know of the location of the parkway, it was all the more important that he move cautiously.  The lights were burning on his car.  The curb of the parkway and the trees standing inside of the enclosed area in the middle of the street were ample to disclose to him the presence of an obstruction without reference to an arc light fifty feet therefrom.  In the light of these facts and the testimony

Opinion of the Court.    [85 Pa. Superior Ct.

of the plaintiff that he could see twenty-five feet ahead and could have stopped his car within that distance, the only rational conclusion is that he either failed to have his car under proper control or drove ahead when he could not see. In either case his contributing negligence is a bar to his recovery.

(2) We agree with the learned city solicitor that the evidence does not establish that the defendant was negligent in failing to display a red light or other signal at the point where the accident happened to warn travelers. If the position of the parkway in the street amounted to a dangerous condition, the arc light located fifty feet away constituted a sufficient compliance with the duty of municipal officers to warn and protect the public.

The judgment is reversed and is here entered for the defendant non obstante veredicto.