Knox, Appellant, *v.* Simmerman.

(1)

Argued April 24, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Morris Yeakle,* with him *Harry M. McCaughey,* for appellant.—A driver of an automobile is bound to exercise ordinary care to prevent harm to a guest whom he has invited on a pleasure trip in his car: Ferrell v. Solski, 278 Pa. 565; Cody v. Venzie, 263 Pa. 541; Conroy v. Ins. Co., 292 Pa. 219.

When a person is injured in broad daylight by a defect in the highway which is easily observable, a presumption of contributory negligence arises, and the burden is upon the plaintiff to show conditions outside himself that prevented him from seeing the defect, or which would excuse his failure to observe it: Bean v. Phila., 260 Pa. 278; Sackett v. Twp., 278 Pa. 67; Shepherd v. Phila., 279 Pa. 333; Smith v. Phila., 217 Pa. 119; Brink v. Scranton, 85 Pa. Superior Ct. 342; Latella v. Ice Cream Co., 87 Pa. Superior Ct. 325; Reisinger v. McCon-

nell, 265 Pa. 565; King v. Brillhart, 271 Pa. 301; Weikel v. Taxicab Co., 59 Pa. Superior Ct. 595.

There is no variance between allegata and probata where the statement charges negligent management of an automobile, and the evidence tends to show the driver struck the plaintiff in broad daylight, while in full view, on a straight road, without giving warning: King v. Brillhart, 271 Pa. 301; Dougherty v. Davis, 51 Pa. Superior Ct. 229; McFeeters v. Lee, 274 Pa. 83; Moquin v. Mervine, 297 Pa. 79; Goldie v. R. R., 44 Pa. Superior Ct. 350; Stegmaier v. Coal Co., 225 Pa. 221; Williams v. Ry., 31 Pa. Superior Ct. 580; Coates v. Chapman, 195 Pa. 109.

*S. S. Herman,* with him *Felice E. Darkow,* for appellee.—The plaintiff failed to prove his case: Ferrell v. Solski, 278 Pa. 565; Simpson v. Jones, 284 Pa. 596; Dever v. R. R., 66 Pa. Superior Ct. 515; McLean v. Schoenhut, 225 Pa. 100; Rodell v. Adams, 231 Pa. 284; Killeen v. R. R., 270 Pa. 123; Oil Co. v. Torpedo Co., 190 Pa. 350; Fitzpatrick v. Penfield, 267 Pa. 564.

OPINION BY MR. JUSTICE WALLING, June 21, 1930:

At the time in question, the defendant, George H. Simmerman, a practicing physician of Philadelphia, had a winter home at Clermont, Florida, at which the plaintiff, Andrew Knox, also a practicing physician of Philadelphia, was a guest. On the afternoon of February 18, 1927, the two physicians and a mutual friend were returning from the Plymouth Country Club on a paved highway of ample width, called the Mt. Dora Road, in an automobile known as a coupé, owned and driven by the defendant. As they approached a curve the coupé, failing to make the turn, dashed into a large pile of crushed stone outside of the pavement, turned nearly twice over and the plaintiff was thrown from the rear seat against and partly through the dashboard, sustaining personal injuries. This suit brought on account

4

thereof resulted in a compulsory nonsuit, and the refusal to take it off forms the ground for this appeal.

The action was based on allegations of the defendant's negligence which the trial court held had not been shown. We have reached the conclusion that, so far as the case had been developed, the question of defendant's negligence was for the jury. Plaintiff was an invited guest in defendant's coupé and it was the latter's duty to use ordinary care for his safety: Conroy v. Commercial Casualty Co.'s Ins., 292 Pa. 219; Ferrel v. Solski, 278 Pa. 565; Cody v. Venzie, 263 Pa. 541. Huddy on Automobiles (8th ed.), page 946, says: "When the occupant of an automobile is injured through the operation of the machine, and it is shown that the driver was negligent and the occupant was not guilty of contributory negligence, it is clear that the latter can maintain an action against the driver and recover compensation for his injuries."

It was a clear day on a broad dry pavement, the coupé was in the exclusive control of the defendant, and the accident was such as under normal conditions does not occur; hence, it so happening, unexplained, would justify a jury in presuming the defendant was negligent. It is not a case of res ipsa loquitur, for negligence is not presumed from the mere happening of the accident, but from the circumstances under which it occurred. It was an abnormal occurrence such as in the usual course of events does not occur. An automobile when driven along a dry level road in daylight at proper speed and under control is not accustomed to leave the pavement and dash against a stone pile at the road side. That the coupé did this very extraordinary thing is some evidence that it was not properly driven. In Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, the rule is stated, that, "When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper

care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care." This is quoted with approval by Mr. Justice Sadler, speaking for the court, in Durning et al. v. Hyman, 286 Pa. 376, 379. The present Chief Justice, speaking for the court, in Gawronski v. McAdoo, 266 Pa. 449, states the principle, as summarized, that, "Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper care is used, the burden is on defendant to prove that the accident did not arise from want of care." And see Lessick et ux. v. Proctor, 300 Pa. 347; Latella v. Breyer Co., 87 Pa. Superior Ct. 325.

Paragraph four of plaintiff's statement avers, inter alia, that "the defendant drove said car towards and around a curve or point in said highway in a negligent, careless and dangerous manner, so that the machine collided with and struck a pile of material deposited in said highway"; while paragraph five states, "Plaintiff avers that the injuries received were due solely and proximately to the negligence of the defendant, in that he drove said car upon the Mt. Dora Highway at a high, dangerous and grossly excessive rate of speed." It will be observed that in paragraph four negligence is charged in general terms, and that paragraph five avers excessive speed as the sole proximate cause of the accident; the proof, therefore, must support the specific cause. The defendant in the instant case could not be expected to come prepared to meet a cause of action not averred, especially when the plaintiff had limited the complaint to a specific act, thereby excluding all others. Had paragraph five been omitted, it might well be held that defendant by going to trial on the general averments of paragraph four had waived his right to a more specific statement. See King v. Brillhart, 271 Pa. 301; Lessick et ux. v. Proctor, supra. True, when two or more acts of negligence are averred, it is sufficient to prove one of

6

them (Moyer v. Blue Mt. Electric Co., 294 Pa. 265; Dougherty v. Davis, 51 Pa. Superior Ct. 229; Goldie v. Pittsburgh & L. E. R. R. Co., 44 Pa. Superior Ct. 350), but here the only specific act complained of was the speed and, as it was made the sole cause, it was necessary for plaintiff to prove it. The essential averments of plaintiff's claim must be proven as averred: Steigmaier v. Keystone Coal Co., 225 Pa. 221. Plaintiff must not only prove a cause of action, but the cause of action set forth in his statement: McLean v. A. Schoenhut Co., 225 Pa. 101; Killeen v. Del., Lack. & W. R. R. Co., 270 Pa. 123; Rodell v. Adams, 231 Pa. 284; see also Harris v. Blitzstein, 84 Pa. Superior Ct. 498; 45 C. J. 1225. As stated by Mr. Justice KEPHART, in Dever v. P. R. R. Co., 66 Pa. Superior Ct. 515, 517: "It was incumbent on the plaintiff to establish this [defendant's] negligence and when a cause for injury is laid in the pleadings, the plaintiff is obliged to prove that the injury occurred in the manner asserted." While the testimony was that the speed was not unusual on the straight road, yet the circumstances justify the conclusion that it was too high for safety in rounding the curve; for it is a matter of common knowledge that the speed of a car, properly driven, is slackened on passing around a curve. The speed is excessive whenever it places the car beyond the control of the driver, and this is especially so when passing an obstruction or rounding a curve. See Moquin v. Mervine, 297 Pa. 79; McGrath v. P. R. R. Co., 71 Pa. Superior Ct. 1. To drive a car so fast as not to be able to avoid a visible obstruction is negligence: Brink v. City of Scranton, 85 Pa. Superior Ct. 342. The evidence tending to show that the speed was not slackened at the curve, and that the car left the pavement, shot into the stone pile and was wrecked, was sufficient to take the question of excessive speed to the jury and, unexplained, to justify a finding that it was the cause of the accident. Therefore, the rule to take off the nonsuit should have been made absolute: Simpson et ux. v. Jones, 284 Pa.

596, relied on by the trial court, is not controlling, for there the accident resulted from skidding of the rear wheels under unusual circumstances.

The order refusing to take off the nonsuit is reversed with a procedendo.