Allen et al., Appellants, *v.* Delaware River
Ferry Company of N. J.

Argued November 2, 1934.

Be-
fore TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER and JAMES, JJ.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,* for appellants.

*Henry 'R. Heebner,* and with him *Wm. Clarke Mason,* for appellee.

OPINION BY CUNNINGHAM, J., March 1, 1935:

The action below was trespass; Sarah Allen, (not yet of full age and therefore suing by her parents, Ben and Lena Allen) sought to recover damages for personal injuries sustained by her in an automobile accident; the claim of her parents was for the expenses incurred by them in that connection.

Defendant operates a ferry between Philadelphia and Camden, N. J., and the accident occurred about 5:30 on the afternoon of Sunday, April 2, 1933, while the automobile was passing through the entrance to the slip, built and maintained by defendant on the Philadelphia side of the Delaware.

Verdicts were rendered in favor of the minor plaintiff in the sum of $1,088 and in favor of her parents for $120; defendant moved for a new trial and for judgment in its favor, notwithstanding the verdicts; the court below refused a new trial, but granted the latter motion; hence these appeals by the plaintiffs. Defendant offered no evidence, but presented a written point for binding instructions. The controlling question, therefore, in each appeal is whether the evidence adduced by plaintiffs, when read in the light most favorable to them, amounted to such proof of the negligence charged in their statement of claim as entitled them to go to the jury.

The automobile was driven by one Samuel Levitt, who had invited three friends to accompany him on a trip to Atlantic City. Levitt and a Miss Seligman occupied the front seat and the minor plaintiff and a Mr. Krasney the rumble seat. They drove east on

Chestnut Street to Delaware Avenue, then north on that street and turned east into the entrance to the ferry.

We quote the following accurate description of the entrance and the accident from the opinion, written for the court below by LAMBERTON, J., in support of the judgment n. o. v.: "Between Delaware Avenue and the ferry landing the defendant maintains a driveway 90 or 100 feet in length over which automobiles drive to and from the ferry. This driveway is enclosed by a roof and walls, and in the latter are windows. As one drives in from Delaware Avenue the driveway is unobstructed for its full width, but after about 25 feet it is divided into two lanes by a platform or island. Each lane is about eight feet wide. The island is about 30 inches wide in the middle, but tapers off to a point at each end. It is raised 10 inches above the level of the driveway, and at the end of the island towards Front Street [Delaware Avenue] is an iron post. Some of the testimony placed this post two feet from the end of the island, and other testimony placed it only a few inches from the end, but every witness agreed that it was on the island and not in the driveway or in either lane.

"On the day in question Levitt drove his car up the center of the driveway. His wheels straddled the end of the island and the front of his car hit the iron post, causing the injuries to the minor plaintiff for which suit was brought."

To the foregoing we may add that there was an iron band around the top of the island platform, and the iron post referred to was the stump of what had once been a high, hollow pole about six inches in diameter. This stump extended approximately six inches above the top of the platform upon which it was located and to which it was spiked.

Levitt's explanation of the accident was that the

day was cloudy, the windows on the south side of the entrance dirty and obstructed by freight cars, and as the island was the same color as the driveway, he saw neither platform nor post until he hit them.

As the minor plaintiff was a guest passenger and riding in the rumble seat, from which she had no opportunity to see the platform or post, no question of contributory negligence upon her part is involved. Nor are we more than incidentally concerned with the negligence, or freedom therefrom, of the driver. Plaintiffs elected to sue the ferry company alone and must stand upon the negligence charged against it. That negligence is thus set forth in their statement: "The defendant, by its agents, servants and employes, negligently and carelessly maintained its aforesaid ferry station, so that it permitted the stump of an iron post which had been broken down by vehicles sometime prior to the date herein to remain in the *driveway* of the entrance to the aforesaid ferry station, unguarded, without notice or warning, and *without a light or any other signal* to vehicles using the said driveway in entering in and upon the ferry boat, so that same constituted a menace and dangerous condition to said vehicles." (Italics supplied.)

It is to be noted there is no averment that the entrance to the ferry, as a whole, was not adequately lighted. The sole reference to the absence of light is that the iron post was permitted to remain in the driveway "without a light or any other signal."

An affidavit of defense was filed; it was therein denied that the accident was caused by any negligence upon the part of the defendant or its employes and averred, on the contrary, that any injuries suffered by the minor plaintiff were "due solely to the negligent operation, management and control of the automobile, of which she was an occupant, by the driver or operator thereof."

Plaintiffs not only failed to prove their material averment that defendant permitted the iron post, into which the automobile was driven, "to remain in the driveway," but showed positively by their own witnesses that it was on the platform and not in any part of the driveway.

The essential averments of a plaintiff's claim in trespass must, under established principles, be proved as averred. He must not only prove *a* cause of action, but *the* cause set forth in his statement: Stone v. Stone, 85 Pa. Superior Ct. 346; Knox v. Simmerman, 301 Pa. 1, 151 A. 678. The variance here apparent might well be considered sufficient to defeat plaintiffs' right to recover.

But aside from this question, and also passing by the contention of counsel for plaintiffs that it was not properly raised below, although they seem to concede it was one of the grounds upon which the motion for a non-suit was based (Kehres v. Stuempfle et al., 288 Pa. 534, 136 A. 794), we think this record does not disclose any facts from which it might reasonably be inferred that defendant was negligent in failing to remove the stump of the iron pole from the platform. Of course it was its duty, as a common carrier, to furnish safe passageways between the street and its slip. It did furnish safe driveways, eight feet in width, on each side of the platform; the dividing island formed no part of the passageways.

The driver of the car asserted he stopped at a point fifteen or twenty feet west of the western end of the platform; that he could see the surface of the roadway twenty-five feet ahead of his car; that there were no other cars to obscure his vision; that he could see the river, as he approached the entrance, through the opening at its eastern end; that he deemed it unnecessary to turn on his headlights; but that he failed to see the platform because it was the same color as the

surface of the driveway: Cf. Brink v. City of Scranton, 85 Pa. Superior Ct. 342.

We feel that the court below has justified its action in these excerpts from its opinion: ''Automobiles had no right to drive on the island and defendant was under no duty to anticipate that they would do so. If automobiles did not drive upon the island, they would not be harmed by the presence of the post.

''We thus see that judgment n. o. v. must be entered for two reasons: (1) because the complaint is as to a a post in the driveway and the proof is as to a post on the island; and (2) the omissions averred as constituting negligence are not in fact negligence when applied to a post on the island.

''If there was any negligence on the part of defendant it was in failing to light up the island so its presence might be known. If there had been an averment to this effect in the statement of claim, the case might have reached us in very different shape, for the tactics of counsel for defendant might have been different. But that question is not now before us and therefore need not be considered.

''Counsel for plaintiffs might have amended his statement of claim at the trial when it became evident that his allegata and probata did not agree. The only penalty would have been a possible delay caused by a plea of surprise. At the argument after trial we would gladly have awarded a new trial if counsel for plaintiffs had so requested in order that the statement might be amended, but counsel for plaintiffs not only failed to ask for a new trial for this purpose, but vigorously opposed the new trial plea of counsel for defendant. Counsel for plaintiffs, with his eyes open, has chosen to stand by the pleadings as they are now. With the record in this condition we have no alternative but to enter judgment n. o. v.''

Judgment affirmed.