## Francis License

*William Kuhn,* for Commonwealth.

*Anna Belle Jones,* for defendant.

ACKER, J., September 9, 1970.—This matter comes before this court upon a petition for appeal from an order of the Secretary of Revenue for suspending the operator's license of William M, Francis. An evidentiary hearing was held from which the following facts are concluded.

### FINDINGS OF FACT

1. Petitioner, William M. Francis, resided at R. D. 2, New Wilmington, Mercer County, Pa., and has been a licensed operator of an automobile since May of 1967.

2. At the time of the hearing, petitioner was age 19, but that at the time of this occurrence he was age 17.

3. On October 18, 1968, petitioner had been at the Canteen at Mercer and commenced driving to his home at about 11 p.m.

4. Petitioner was traveling upon wet roads and it was raining.

5. Petitioner traveled a distance of 1,500 to 2,000 feet from the beginning of his journey home to the point of the accident. He first traveled upgrade and then downgrade.

6. Petitioner had almost reached the bottom of the downgrade, he was traveling at approximately 35 to 40 m.p.h. in a 55 m.p.h. speed zone when his car, due to leaves which he did not notice upon the road, went into a slide, veering first to the left and then to the right.

7. Petitioner's vehicle traveled 189 feet crossing a driveway and dropping into a three-foot depression, causing the front of the vehicle to be caught in the enbankment which resulted in its being flipped and striking a mailbox located three to four feet from the highway.

8. At the time of the accident, it was raining very hard.

9. Petitioner called the Pennsylvania State Police and notified them of the accident.

10. There were no passengers in the motor vehicle of the petitioner and no personal injuries were sustained. The only property damage was to the mailbox.

11. The Pennsylvania State Police officer did not arrest petitioner, but cited him for driving too fast for conditions pursuant to section 1002(a) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002(a).

12. Petitioner's operating privileges were suspended for two months after he reached the age of 18 and after he had obtained an adult license, by the secretary pursuant to section 604.1(a), (d) of The Vehicle Code of September 16, 1961, P. L. 1367.

The first contention raised by defendant is that because he is now age 19 and a regular operator's license has been issued to him, the secretary cannot at this late date suspend his operating privileges. Further, that because petitioner received his senior operating license on June 10, 1969, and the suspension notice was not given until July 22, 1969, the secretary was too late. This exact contention was raised in Blair License, 44 D. & C. 2d 26 (1967), in Bucks County and through an opinion by Bodley, J., was dismissed. We concur with the reasoning there advanced. Certainly, if the legislature had intended to restrict the power of the secretary to a period prior to the operator's eighteenth birthday, it could have done so. Failing so to do, by necessary implication in order to give the secretary power to control such operators, it must be granted to extend beyond the operator's eighteenth birthday. The power of suspension survives passage of a junior operator's eighteenth birthday.

The police officer testified, and it is found as a fact from a certified copy of the notice to petitioner, that the suspension was for driving too fast for conditions in violation of section 1002(a) of The Vehicle Code. We do not hold that the conduct of defendant in this case approaches that required to be guilty of driving too fast for conditions.

Although the roads were wet, there was no notice to defendant that they were slippery prior to coming upon leaves which caused defendant to go into a skid. These leaves, because of the rain at the time, were undiscernable to him.

The Commonwealth responds, however, that the secretary could suspend under subsection (d) of section 604.1 of the Act of September 16, 1961, P. L. 1367, sec. 2, 75 PS §604.1(d). This section reads: "In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that a regular operator under the age of eighteen (18) is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' the secretary may, after a hearing, suspend the operating privileges of such operator or issue him a junior operator's license in lieu of or in addition to said suspension."

In that defendant was involved in an accident by striking the mailbox on the property in which his vehicle traversed, it is contended that he is either partially or fully responsible therefor and the suspension was proper.

It is sufficient answer that the Commonwealth cannot at this point of the proceedings shift its contention to assert a section of the code never before advanced. The issue is whether the action of the secretary upon the basis upon which petitioner's license was suspended is to be sustained.

Considering the Commonwealth's contention upon its merits, it is recognized that when a motor vehicle passes from the hard surface of the highway, across the berm and on private property, striking a stationary object, there is a presumption that the operator is guilty of negligence and, therefore, responsible for the accident: Knox v. Simmerman, 301 Pa. 1, 151 A. 678 (1930). Kotal v. Goldberg, 375 Pa. 397, 100 A. 2d 630 (1953).

This, however, is nothing more than a presumption and defendant can demonstrate to the satisfaction of

the fact-finding tribunal that he was not at fault. In the instant case, this court was greatly impressed by the candor and forthrightness of defendant. We accept, and have found as a fact, that he was traveling 35 to 40 m.p.h. in an area where he was permitted to go at a maximum speed of 55 m.p.h. We believe that in a rain storm he came upon some leaves which he did not see and which caused his motor vehicle to go into a skid. We do not conclude that he was guilty of negligence and, he was, therefore, not responsible for the accident. So finding, the suspension of the operator's license of William M. Francis is reversed and the secretary is instructed to reinstate the driving privileges of William M. Francis.

## ORDER

And now, September 9, 1970, it is hereby ordered that the suspension by the secretary of Revenue of the operator's license of William M. Francis is reversed, overruled and vacated and the Secretary of Revenue is hereby directed to reinstate the full operating privileges of William M. Francis and not to credit or attribute any points against his driving privileges as a result of the accident giving rise to this suspension.